## OCEAN ACCIDENT & GUARANTY CO., Limited, v. SCHMIDT.

### No. 5619.

Circuit Court of Appeals, Sixth Circuit.

Jan. 12, 1931.

Wheeler & Hughes, of Paducah, Ky., for appellant.

C. C. Grassham and W. A. Berry, both of Paducah, Ky., for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge.

Appellee was struck and injured by the automobile of Henry Bradley, Sr., while it was being driven by Robert Clifton with the consent and permission of Henry Bradley, Jr., a son of Henry Bradley, Sr. Henry Bradley, Jr., was riding in the car with Clifton. Appellee brought suit in the appropriate Kentucky court against the Bradleys and Clifton to recover for her injuries. She had verdict and judgment from which the defendants appealed to the Kentucky Court of Appeals. Liability was sought against Henry Bradley, Sr., upon the "family purpose" doctrine. The Court of Appeals denied this contention. It held that, the son being 24 years old and self-supporting, the father was under no legal or moral obligation to support him, that the doctrine did not therefore apply, and that Henry Bradley's motion for

peremptory instructions should have been sustained. The court held in addition that there was error as to the other defendants and reversed the case as to all. Bradley v. Schmidt, 223 Ky. 784, 4 S.W.(2d) 703, 57 A. L. R. 1100. Upon a second trial appellee recovered a judgment in the sum of $10,000 against Henry Bradley, Jr., and Clifton. The execution issued thereon was returned nulla bona on account of the insolvency of Henry Bradley, Jr., and Clifton.

 Prior to the accident appellant had executed and delivered to Henry Bradley, Sr., an accident insurance policy covering the car inflicting the injury. The company's liability was limited to $10,000, the exact amount of the recovery against Henry Bradley, Jr., and Clifton. The policy contained the provision set out in the margin.[1-2] Appellee brought suit against appellant in the District Court upon her judgment. It is clear from the policy provisions that when Henry Bradley, Jr., gave Clifton permission to drive the car, Clifton became "an additional assured" if Henry Bradley, Jr., was then an adult member of Henry Bradley, Sr.'s, household, and in that contingency Clifton's insolvency as reflected by the nulla bona return upon the execution against him operated to constitute appellee a beneficiary under the policy with the right to maintain her action. Metropolitan Cas. Ins. Co. v. Blue, 219 Ala. 37, 40, 121 So. 25. See also Slavens v. Standard Acc. Ins. Co., etc., 27 F.(2d) 859, 860 (C. C. A. 9). She was successful in her suit. Hence this appeal.

 The District Judge found in both law and fact that Henry Bradley, Jr., was an adult member of Henry Bradley, Sr.'s, household. This finding is stressed as error. Appellant insists that there was not only a failure of evidence so to show but that the contrary was adjudicated by the Kentucky Court of Appeals. The District Judge found that Henry Bradley, Jr., at the time of appellee's injury,

was more than 21 years of age, that he lived, ate his meals, slept, and had his washing done in the home of his father, but was not dependent upon his father for support. The evidence is sufficient to support this finding. The District Judge concluded that as a matter of law Henry Bradley, Jr., was an adult member of the household of Henry Bradley, Sr., within the meaning of the policy. We think he was right.

The lexicographers define the term "household" as follows:

Webster's New International Dictionary: "Those who dwell under the same roof and compose a family; a domestic establishment; family."

Murray's Oxford Dictionary: "The members of a house collectively; an organized family, including servants or attendants dwelling in a house; a domestic establishment."

Century Dictionary: "The members of a house collectively; a family; including servants, etc.; a domestic establishment."

In Arthur v. Morgan, 112 U. S. 495, 499, 5 S. Ct. 241, 243, 28 L. Ed. 825, the court said: "Persons who dwell together as a family constitute a 'household.'" See also Poor v. Hudson Ins. Co. (C. C.) 2 F. 432, 438. We do not doubt that a son living under the parental roof is a member of the household even though he has reached his majority and supports himself, but if any doubt existed the general rule of construction requires that it be resolved against appellant. The policy provision [1] implies that even a chauffeur or a domestic servant is considered a member of the household.

 The decision of the Kentucky Court of Appeals was not res adjudicata. The issue there as between appellee and Henry L. Bradley, Sr., was whether liability existed under the "family purpose" doctrine. The suit was for tort involving the relationship of master and servant or principal and agent. Denison v. McNorton, 228 F. 401, 404 (C. C. A. 6). The determinative question was whether the father owed any duty to the son to furnish him a car. As between the appellee upon the one hand and Henry L. Bradley, Jr., and Clifton upon the other it was an action for common-law negligence. In the instant case the suit is upon contract and the important issue is whether Henry L. Bradley, Jr., was at the time of the injury an adult member of his father's household. This issue was not determined in the Kentucky case. Indeed, it had no place there even remotely,

---

[1] "The insurance granted by the foregoing provisions shall apply to *additional assured as follows:* (a) *Any person while riding in any automobile described in said Declarations or while operating any automobile described in said Declarations with the permission of the Assured or any adult member of the Assured's household* other than a chauffeur or domestic servant. * * *"

[2] "*The insolvency or bankruptcy of assured shall not release the company from payment of damages sustained* or loss occasioned during the life of the policy, *and if execution against assured in an action for damages is returned unsatisfied because of such insolvency or bankruptcy, the injured* or his personal representative, in case of death, *may maintain an action against the company for the amount of the judgment obtained, not exceeding the limits of the policy.*" (Italics ours.)

as between appellee and Clifton "the additional assured" here.

The judgment of the District Court is affirmed.