PAUL H. ANDREWS, APPELLEE, V. COMMERCIAL CASUALTY INSURANCE COMPANY, APPELLANT.

FILED MARCH 8, 1935. No. 29159.

*Rosewater, Mecham, Shackelford & Stoehr,* for appellant.

*Frost, Hammes & Nimtz, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

ROSE, J.

This is an action on an automobile liability insurance policy issued by Commercial Casualty Insurance Company, assurer, defendant, to Louise Marvin, named assured, July 21, 1930. To the limit of $5,000 the insurance covered liability imposed by law upon her for damages on account of bodily injuries accidentally suffered by her, or any other person within the terms of the insurance risk, by reason of the ownership, maintenance and use of a Ford sedan owned by her. By the terms of the policy, defendant, calling itself the "Company," bound itself as follows:

"To pay the expense of litigation and all costs taxed against the assured in any legal proceeding defended by the company, and all interest accruing after entry of any judgment until the company has paid, tendered or deposited in court such part of such judgment as does not

exceed the limit of the company's liability as expressed in this policy. * * *

"That the terms and conditions of the policy are so extended as to be available, in the same manner and under the same conditions as they are available to the named assured, to any person or persons while riding in or legally operating any of the automobiles described in the warranties, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or, if the named assured is an individual, with the permission of an adult member of the named assured's household other than a chauffeur or a domestic servant, except that the terms and conditions of this policy shall not be available to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station and the agents or employees thereof."

When the policy was in force July 4, 1931, Paul H. Andrews, plaintiff, was injured in a collision between an automobile in which he was riding and assured's Ford sedan while being driven by her brother, Fred Daniels.

In a former action for negligence causing the collision and resulting damages to plaintiff, the latter recovered a judgment October 24, 1932, against Fred Daniels, defendant therein, for $2,500, which was reduced by remittitur to $1,700 and which, for the latter sum and interest, is in full force.

The purpose of the present action is to recover from defendant herein, the assurer, under the omnibus coverage clause quoted, the adjudicated damages sustained by plaintiff in the former action, on the theory that the policy issued to Louise Marvin, the "named assured," covered liability for the negligence of her brother, the petition alleging that he was driving her sedan with her permission at the time of the accident; that he was then an adult member of her household; that he was driving at the time with the permission of Anna Daniels, an adult member of assured's household and the mother of both assured and Fred Daniels; that execution was issued on the former judg-

ment and returned unsatisfied; that the judgment debtor is insolvent and unable to pay the debt.

The answer admits execution of the policy, the accident, some injury to plaintiff and recovery of the judgment. It also contains pleas that the policy does not cover liability for injuries inflicted on plaintiff by Fred Daniels; that defendant is not liable for the unpaid debt evidenced by the former judgment from which there was no appeal; that plaintiff at the former trial invoked the "family purpose doctrine" in automobile law to show that assured and Fred Daniels were jointly liable, an issue determined against them, and that plaintiff is thus estopped by the former adjudication to claim herein that the Ford sedan was driven with the permission of assured or that Anna Daniels was a member of assured's household. Unadmitted allegations of the petition were denied in the answer and unadmitted allegations in the answer were denied in the reply.

At the close of all the evidence in the present action on the policy, each side moved for a peremptory instruction, thus submitting the case to the presiding judge who excused the jury and rendered a judgment in favor of plaintiff for $1,898.79, the amount of the former judgment and interest. Defendant appealed.

It is first argued that the trial court erred in overruling the motion to direct a verdict in favor of defendant. The argument is based on the propositions that the evidence proves Fred Daniels was not at the time of the accident driving the Ford sedan of Louise Marvin, the "named assured," either with her permission or with the permission of an adult member of her household, and that the question whether Fred Daniels or his mother, Anna Daniels, were members of assured's family or household was adjudicated adversely to the contention of plaintiff in the former action.

On the issues of fact, the findings of the district court in favor of plaintiff in the case at bar are, on appeal, equivalent to the verdict of a jury. The sufficiency of the

evidence to sustain the judgment, therefore, is the first question for determination. The omnibus coverage clause of the policy, in connection with the entire contract, is the basis of liability. As applied to the case at bar, it extends the liability available to the named insured, Louise Marvin, to any person while riding in or legally operating her Ford sedan, provided such use or operation is with her permission or with the permission of an adult member of her household.

The word "household" was used in the policy in its ordinary sense as understood in common parlance. As defined by Webster it means, in the insurance contract, "Those who dwell under the same roof and compose a family." Living under the same roof in the same house, when the accident occurred and for some time prior thereto, were the named assured, Louise Marvin, Fred Daniels, her brother, and her mother, Anna Daniels. All contributed to the expenses of the home. Each was an adult member of the household. There is testimony tending to prove that assured permitted her brother to use the car; that he did use it; that he used it for assured's children and for his mother; that the key was available to him; that assured never objected to his taking the car when she was not using it or when she was away from home; that assured notified defendant that her brother drove the car with her permission; that the mother, an adult member of the household, gave him permission to use it. Permission in writing was not required by the policy. General permission when the owner was not using her car was fairly shown. Special permission for the trip on which the accident occurred was not necessary under the circumstances. In any event, Fred Daniels, being an adult member of the household, could give himself permission to use his sister's car, within the meaning of the omnibus coverage clause of the policy. On these issues the evidence is held sufficient to sustain the finding and judgment of the district court.

The defense of *res judicata* does not seem to be well founded. The former action to recover damages for per-

sonal injuries was brought by plaintiff herein against Fred Daniels, the negligent driver of the Ford car, and his sister, Louise Marvin. The latter was charged with liability for her brother's negligence under the family purpose doctrine, but she was dismissed from the case on the ground that doctrine was not applicable to the facts. The first action was based on the negligence of the driver of the car, Fred Daniels, and the alleged liability of Louise Marvin depended on the family purpose doctrine alone. Defendant herein was not a party to the former action. Liability in the case at bar is predicated on contract—the omnibus coverage clause in connection with the entire policy. The family purpose doctrine is not involved herein. Fred Daniels, the negligent driver, is not a party to the second suit. The issues and parties in the two cases, therefore, were not identical. · It follows that the trial court properly held *res judicata* was no defense.

Rulings restricting the cross-examination of a witness and disallowing an amendment of the answer during the trial are challenged as erroneous. An examination of the record in these respects shows clearly that the rulings were within the unabused discretion of the trial court.

One of the assignments of error is directed to the allowance of an attorney's fee of $350 as excessive. The statute authorizes a reasonable sum as an attorney's fee to be taxed as costs in addition to a judgment on a liability insurance policy. Comp. St. 1929, sec. 44-346. While the allowance is reviewable on appeal, the trial court, in view of all the facts and circumstances, determines in the first instance, in the exercise of sound discretion, what is a reasonable sum. An arbitrary percentage of the recovery on the policy is not necessarily the test. Among the factors in the problem, the court may consider the amount involved; the responsibility assumed; the questions of law raised; the time and labor necessarily required in the performance of duties; the result of service performed; professional diligence and skill. *In re Estate of Rhea,* 126 Neb. 571. Whatever is shown in these particulars or ob-

served by the trial judge in the course of the proceedings is open to him for consideration. With these factors in mind, there does not seem to have been an abuse of discretion or an excessive allowance, when the entire record is considered. An additional attorney's fee of $150 will be taxed as costs for services of counsel for plaintiff in the supreme court.

Not finding in the record any error prejudicial to defendant, the judgment of the district court is

AFFIRMED.