**UNITED STATES CAS. CO.**

**v.**

**OHIO CAS. INS. CO.**

**No. 14572.**

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1953.

Rehearing Denied Jan. 5, 1954.

Hobert Price, Royal H. Brin, Jr., Dallas, Tex., for appellant.

L. W. Anderson, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

United States Casualty Company sued The Ohio Casualty Insurance Company seeking reimbursement of one-half of the sum of Ten Thousand Dollars paid in settlement of a lawsuit growing out of an accident caused by the driver of a truck on which both companies carried liability insurance.

There was no substantial dispute about the material facts. Admittedly, the settlement was in a reasonable amount and due diligence was exercised in making it. On September 6, 1950, W. D. Temple was the owner of the truck and as such secured the liability insurance policy from United States Casualty Company under which that Company made the Ten Thousand Dollar settlement. On October 11, 1950, the certificate of title to the truck was transferred by Temple to Kaufman County Farmers Co-operative Association, and the automobile liability insurance policy of The Ohio Casualty Insurance Company was issued to that Association as the named insured with the usual "omnibus" provision covering persons using the vehicle with the permission of the named insured. The Association paid Temple no consideration

for the transfer of the certificate of title to the truck, the purpose being simply to enable Temple to transport some fertilizer for the Association. Temple did not have proper permits from the Railroad Commission to haul for hire, and the plan was to transfer the certificate of title of the truck to the Association so that it would appear to be hauling its own fertilizer. Temple was paid the same rate per ton for hauling as was usually paid, and he made all repairs, furnished all gasoline and oil for the operation of the truck, and exercised complete control over the truck. As the manager of the Association frankly admitted, "The deal was to circumvent the Railroad Commission ruling".

The hauling for the Association was completed by December 15, 1950; and a request was then made on the mortgagee of the truck to bring in the certificate of title so that it could be transferred back to Temple. On December 19, 1950, Temple had a new motor installed in the truck for which he paid $296.00. For some reason the mortgagee failed for more than two weeks to produce the certificate of title, and it was not actually transferred back to Temple until after the accident in question had occurred on December 31, 1950. In Texas the presumption created by the certificate of title may be overcome by evidence of actual ownership. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763.

At the time of the accident, Temple was in the truck and it was being driven by his son but on no business for the Association. The Association had no control over the operation of the truck, and no capacity to grant permission for its use. See 5 Am.Jur., Automobiles, Sec. 535. The operation of the truck was not by virtue of any permission express or implied from the Association. Indeed, if it had been so minded, the Association could not have prevented Temple from operating the truck. Even if

we assume that the policy issued by The Ohio Casualty Insurance Company to the Association was originally valid,[1] the interest of its named insured in the truck had ceased more than two weeks before the accident, and it did not cover the liability of the operator or of the then owner of the truck. The judgment was right and it is

Affirmed.

1. See Employers Liability Assurance Corporation v. Sweatt, 95 N.H. 31, 57 A.2d 157; 7 Appleman on Insurance Law and Practice, p. 6, Sec. 4253; 6 Blashfield Cyclopedia of Automobile Law and Practice, Sec. 3873, pp. 537, 538.