SELECTED RISKS INSURANCE CO. *v.* MILLER,
Etc. et al.

[No. 93, September Term, 1961.]

*Decided December 7, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*John J. Pyne,* with whom was *John A. Beck* on the brief, for appellant.

There was no brief and no appearance for appellee.

PRESCOTT, J. delivered the opinion of the Court.

The only issue herein involved is one of insurance coverage. The case was tried below upon a stipulation of facts that may be summarized as follows:

On June 20, 1959, Herbert Eads purchased an automobile from an automobile dealer in Mt. Rainier, Maryland. Since he was unemployed, he arranged to have the automobile titled in the sole name of his wife, Peggy Louise Eads, in order to obtain financing from an automobile loan company.

On September 17, 1959, the wife, individually as the named insured, purchased through a sales agent of the appellant a combination family automobile policy and paid $56.08 for one year's coverage. The policy included liability coverage against bodily injury and property damage claims, and provided in pertinent part:

"PERSONS INSURED:
The following are insured under Part I:
(a) With respect to the owned automobile,
    (1) the named insured and any resident of the same household,
    (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;
(b) With respect to a non-owned automobile,
    (1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner;

(c) Any other person or organization legally responsible for the use of

(1) an owned automobile, or

(2) a non-owned automobile, if such automobile is not owned or hired by such person or organization,

provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such owned automobile or non-owned automobile.

The insurance afforded under Part I applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

DEFINITIONS—Under Part I:

"named insured" means the individual named in Item I of the declarations and also includes his spouse, if a resident of the same household;

"insured" means a person or organization described under "Persons Insured";

"relative" means a relative of the named insured who is a resident of the same household;

"owned automobile" means a private passenger, farm or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile;

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;"

Mr. and Mrs. Eads lived together and kept the vehicle at their home in Lanham, Maryland, until January 4, 1960. On that date, they came to a parting of the ways, and Mr. Eads left her, going to live in Birmingham, Alabama, taking the vehicle with him. While in Alabama, Eads continued to pay for the car out of his own funds, as he had since the car was purchased, although he forwarded the money for each payment to Mrs. Eads and she made the payment to the loan company. At no time did she use her own funds to pay for the car.

On March 31, 1960, Eads secured an Alabama registration and license plates in the name of Mrs. Eads to replace the expired Maryland registration and license tags obtained when the car was first purchased. He did not notify or secure her permission to effect the Alabama registration, and, as a matter of fact, forged her name to the licensing papers required by Alabama.

On May 2, 1960, he returned to the metropolitan area of Washington, D. C., but continued to live apart from Mrs. Eads. He resided at various motels near Washington, at all times keeping the car in his custody and control.

On May 28, 1960, one Richard E. Hall, while driving Eads' automobile with his permission and while Eads was a passenger, negligently injured the minor appellee. A jury awarded him and his mother, appellees, damages against Hall and a writ of attachment was issued against appellant.

At no time from January 4, 1960, when Eads separated from her until the accident did Mrs. Eads operate the motor vehicle or have custody or control of it. Also, at no time prior to the accident did the appellant have any knowledge that Mrs. Eads was merely a record owner for the convenience of Eads, that Eads was unemployed, that he and Mrs. Eads were separated after January 4, 1960, or that Mrs. Eads had neither custody nor control of the car after January 4, 1960.

The trial court held (without stating his reasons) that the appellant was liable, under the terms of its policy, for the judgments rendered against Hall, and entered judgment in favor of the appellees on the writ of attachment. This appeal followed.

It is obvious that if this ruling of the trial judge is to be sustained, Hall must come within the scope of one of the three categories ([a], [b] or [c]) of "Persons Insured" under the policy. We shall consider the categories *seriatim*.

(a)

If the automobile involved in the accident be considered as an "owned-automobile" under the policy, it is apparent that Hall was not the "named insured," nor was he a "resident of the same household," hence, under this heading, it is only necessary to determine whether he was a person using the automobile with the permission of the named insured as to its actual use. We think that he was not.

There was no evidence before the court that Mrs. Eads had consented to the actual use of the vehicle by Hall. On the contrary, she had not consented to its use by Hall and could not even had she wished to do so. 5A Am. Jur. *Automobile Insurance*, § 95 at p. 94, states that the word "permission" or "consent" connotes the power to grant or withhold it, and, therefore, in order for one's use and operation of an automobile to be within the meaning of an omnibus clause requiring the permission or consent of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission. See also 45 C. J. S., *Insurance*, § 829 c (2) (b) bb at page 900; *Venne v. Standard Accident Insurance Co.*, 340 P. 2d 30 (Cal.); *Allstate Insurance Co. v. Hartford Accident & Indemnity Co.*, 311 S. W. 2d 41 (Mo.). Thus, it has been held that an omnibus or extended coverage clause in an insurance policy requiring the permission of the named insured does not apply, where the insurance is taken out in the name of one not the real owner, to cover the real owner in actual possession and control of the vehicle, since the named insured does not have the power to grant or withhold permission. *Didlake v. Standard Insurance Co.*, 195 F. 2d 247 (C. A., 10th); *U. S. Casualty Co. v. Ohio Cas. Ins. Co.*, 208 F. 2d 451 (C. A., 5th). Cf. Annotations in 72 A.L.R. 1390, 106 A.L.R. 1255, and 126 A.L.R. 549. And Hall's use of the vehicle with the

permission of Eads did not bring Hall within this category; because Eads was not within the policy definition of "Named Insured." True, he was Mrs. Eads' spouse, but he was not "a resident of the same household." *Ocean Acc. & Guaranty Co. v. Schmidt,* 46 F. 2d 269 (C. A., 6th) ; *Andrews v. Commercial Cas. Ins. Co.,* 259 N. W. 653 (Neb.) ; *Island v. Firemen's Fund Indemnity Co.,* 184 P. 2d 153 (Cal.).

### (b) and (c)

If the vehicle be considered a "non-owned automobile," Hall was not a person insured under category (b), as he did not come within the policy definition of "named insured," and it is undisputed that he was not a relative of "the named insured." This brings us to a consideration of (c). Hall was not an insured by reason of being a person "legally responsible for the use of" an owned or non-owned automobile within this category, because the "actual use" of the automobile was not "by a person who [was] an insured" under either category (a) or (b) above. By the explicit terms of the policy, it was necessary, under the circumstances here involved, that the judgment-debtor Hall be an insured under either (a) or (b) in order for him to qualify as an insured under category (c). The "actual use" of the vehicle was by Hall, himself. As we have just said, he was not "an insured" under either (a) or (b) ; hence, he was not a person insured under category (c).

Thus, it is seen that Hall was not a "person insured" under the policy; consequently, the trial court was in error in rendering judgment against the appellant.

*Judgment reversed; appellees to pay the costs in this court and below.*