George Lewis Rector, Plaintiff-Appellant, v. Roy Wesley Robinson, Defendant, and State Farm Mutual Automobile Insurance Company, a Corporation, Garnishee-Appellee.

Gen. No. 62–F–19.

Fourth District.

May 14, 1962.

272

W. Joe Hill, of Benton, and Martin J. Dolan, of Mt. Vernon, for appellant.

Brady, Donovan & Hatch, of East St. Louis, for appellee.

CULBERTSON, J.

This is an appeal from a judgment of the Circuit Court of St. Clair County in which the plaintiff, George Lewis Rector, sought a judgment as against State Farm Mutual Automobile Insurance Company, as garnishee, on the theory that the automobile liability policy issued by it to its named insured, a certain Lawrence Rolens, also insured the driver, Roy Wesley Robinson, against whom plaintiff had recovered judgment in the sum of $35,000 for personal injuries. The Trial Court entered judgment in favor of the garnishee Insurance Company.

The facts as disclosed by the record show that Rolens had purchased an automobile upon which he obtained insurance in garnishee Insurance Company in which Rolens was designated as the named insured. Thereafter Rolens had difficulty in making payments on the automobile and he made arrangements with defendant Robinson, a minor, for Robinson to take over the monthly payments on the automobile. In return Robinson was to have exclusive possession of the automobile. Robinson for a period of a number of weeks made payments on the automobile, bought gas and equipment for it, and drove it wherever he wanted to go, and kept the automobile at his home in Granite City. He used the automobile exclusively, except on a few occasions when Rolens' brother-in-law used the automobile with

273

Robinson's permission. Rolens, the original insured, did not use the automobile but had purchased another automobile. On April 21, 1958, the plaintiff was injured in a collision involving the automobile driven by Robinson. The arrangement between Rolens and Robinson was not discovered by the garnishee Insurance Company until after the collision in which plaintiff was injured.

The arrangement between Rolens and Robinson while rather vague in its terms, obviously amounted to either a lease or a rental of the automobile and therefore fell within the exclusions of the policy. Similarly, at the time of the collision causing injuries to plaintiff Rector, the insured Rolens was not in a position to give or withhold permission to Robinson to use the automobile since he had already made a specific arrangement by the terms of which Robinson had the right to exclusive possession of the automobile so long as he made the payments referred to.

It is the contention of plaintiff on appeal in this Court that the arrangement between Robinson and Rolens was actually one in which Robinson was operating the automobile with the permission of the named insured, and that since the initial permission was given him, any use while it remained in his possession was covered by the policy under the principles outlined in Konrad v. Hartford Accident & Indemnity Co., 11 Ill App2d 503, 137 NE2d 855.

██ The Trial Court in determining the issues in this cause without a jury, specifically stated that under the testimony at the hearing it was evident that Robinson had made an arrangement which clearly, in the Court's opinion, amounted to a rental or lease arrangement and that therefore, the defendant Insurance Company was not liable for the accident which occurred at the time the car was being driven by Robinson. The conclusions of the Trial Court based upon substantial

evidence, where the Trial Court has an opportunity to observe the conduct of witnesses, would not be disregarded merely because the Reviewing Court might disagree with it, or might, as triers of facts, have come to a different conclusion (Rude v. Seibert, 22 Ill App 2d 477, 483, 161 NE2d 39). It is contended that the arrangement between the parties was not a lease but a conditional sale, and that therefore there was no violation of the terms of the policy. The exclusion covered rentals or leases to others by the insured. The conclusion of the Trial Court that the arrangement was in fact in the nature of a lease or rental was supported by substantial evidence and is therefore binding upon us.

Similarly, the fact that Rolens had parted with all use and possession of the automobile and that Robinson had used the automobile exclusively, justified the conclusion of the Court that the driving was not with "permission" of the insured within the meaning of the omnibus clause in the insurance policy. Where a contention is made that a person was driving an automobile with permission under such clause the burden is on the person so contending to establish clearly that there was such permission. The conclusion of the Trial Court that the use of the automobile was not permissive but was in fact by virtue of a lease or rental arrangement eliminated the possibility of coverage under the omnibus clause, in view of the conclusion of the Trial Court under the facts in the record.

We must therefore conclude that the judgment of the Circuit Court of St. Clair County and the findings upon which such judgment was predicated to the effect that plaintiff had failed to establish that the automobile was being driven with the permission of the named insured and that the arrangement between the parties was in the nature of a lease or rental arrangement is sustained by the record, and, under established

275

precedents we are not justified in reversing such conclusion. The judgment of the Circuit Court of St. Clair County will, therefore, be affirmed.

Affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.