MELVIN ᴇᴛ ᴀʟ. *v.* AMERICAN AUTOMOBILE
INSURANCE COMPANY

[No. 28, September Term, 1963.]

*Decided October 15, 1963.*

The cause was argued before Bʀᴜɴᴇ, C. J., and Hᴇɴᴅᴇʀsᴏɴ, Pʀᴇsᴄᴏᴛᴛ, Hᴏʀɴᴇʏ and Mᴀʀʙᴜʀʏ, JJ.

*Marvin E. Rothbloom,* with whom was *George M. Mullen* on the brief, for appellants.

*W. Lee Harrison* and *Richard C. Murray,* with whom were *Smith & Harrison* on the brief, for appellee.

Hᴇɴᴅᴇʀsᴏɴ, J., delivered the opinion of the Court.

State Farm Mutual Automobile Insurance Company (State Farm), issued an automobilᴇ liability insurance policy to Ed-

win W. Melvin, with an endorsement known to the trade as "JR-11" covering his son, Alan W. Melvin. The policy contained a "use of other cars" clause, as well as "excess coverage" clause. On March 10, 1957, Alan had an accident while driving an automobile owned by Harry Brotman in which Barry Brotman, Harry's son, was killed and another passenger, Martin Keenan, was injured. Harry Brotman had an automobile liability insurance policy with American Automobile Insurance Company (American), containing what is known as a "family omnibus" clause. State Farm settled various suits for the death, the personal injuries and property damage due to the accident, and brought this action for reimbursement against American. The case was heard by the trial court, without a jury, on a stipulation of facts. The appeal is from a judgment for the defendant.

The accident occurred on March 10, 1957, shortly after midnight. Barry Brotman had been home on leave from the United States Army. He had been in the Army for about two years, and had been ordered overseas. On March 9, 1957, he had reported to Fort Dix, New Jersey, but had been told to return home to await further orders. He resided with his father, Harry Brotman, in Baltimore County. On the evening of March 9 he obtained permission from his father to use Harry's car. No restrictions were placed on its use, nor was anything said about who should drive it. It was also stipulated that Barry had had general permission to use the car whenever he was home on leave. Barry drove to a party on Augusta Avenue in Baltimore. He left the party with three other young men and went to a diner to eat. They decided to visit another boy, a mutual friend, who lived on Cape St. Clair Road in Anne Arundel County. Barry said he was tired, as he had been to Fort Dix and back that same day, and either asked or told Alan W. Melvin to drive. The boy they went to visit was not at home, and they were on their way back to Baltimore when the car went off the road and struck a tree, while Alan was driving.

The only question in the case concerns the proper construction of the "family omnibus" clause in American's policy. It is conceded that if the driver, Alan Melvin, is covered, then American's policy is the primary insurance, the amount paid

in settlement of the claims is fair, and State Farm is entitled to reimbursement of the total amount paid. The appellee contends, and the court found, however, that coverage did not extend to Alan, as a second "permittee" of the use of the Brotman automobile.

The policy, in part 1—Liability, under the subheading "persons insured," read as follows:

"The following are insureds under part I: (a) with respect to the owned automobile, (1) the named insured and any resident of the same household, (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;

(b) With respect to a non-owned automobile, (1) the named insured, (2) any relative, but only with respect to an automobile not owned by such relative;

(c) *Any other person* or organization *legally responsible for the use of (1) an automobile* or trailer *not owned* or hired *by such person* or organization, or (2) a temporary substitute automobile, *provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such automobile* or trailer. * * *." (Italics supplied).

It is conceded that Barry Brotman was an insured, as a resident of the household of the named insured under (a) (1). He could probably qualify under (a) (2), as a person actually using the owned automobile with the permission of the named insured, although we need not so decide. The question is, however, whether Alan was covered, and the appellant contends that he is, under (c) (1), as a person legally responsible for the use of an automobile, not owned or hired by such person, because he fulfills the condition that "the actual use thereof is by a person who is an insured under (a) or (b)." The contention is that the actual use at the time of the accident was by and for the benefit of Barry, an insured under (a) (1). The appellee on the other hand, argues that the "actual use" was by Alan, and not by Barry, because Alan was actually operating the car at the time of the accident.

We see no reason to limit the meaning of the words "actual use" to the operation of a vehicle, where the operator is the agent or servant of another and subject to his immediate and

present direction and control. There appears to be no case that has construed the words in the context of this policy, but there are cases in which the word "use" has been so construed. In *Casualty Co. v. Mitnick,* 180 Md. 604, 607, Chief Judge Bond, for this Court, said that "using a car in the ordinary acceptation of the words seems clearly to include a borrower's making use of it by riding while driven by another." See also *Arcara v. Moresse,* 258 N. Y. 211; 179 N. E. 389; *Brown v. Kennedy,* 48 N. E. 2d 857 (Ohio) ; *Maryland Casualty Company v. Marshbank,* 226 F. 2d 637, 639 (C.A.3d.) ; *Osborne v. Security Insurance Company,* 318 P. 2d 94, 99 (Cal. App.) and *Indemnity Ins. Co. v. Metropolitan Cas. Ins. Co. of N. Y.,* 166 A. 2d 355 (N. J.). The cases also indicate that "actual use" means the particular use contemplated when permission is granted and relied on.

The appellee relies heavily upon a statement in *Selected Risks v. Miller,* 227 Md. 174, 179, that "the 'actual use' of the vehicle was by Hall, himself," where Hall was driving and the owner was a passenger. We think the case is distinguishable, although the pertinent language of the policy in that case was substantially the same, except for differences in (c) (1) and (c) (2), as that in the instant case. The facts were that Eads purchased a car and, for financial reasons, had it titled in the name of his wife, who took out a policy in which she was the named insured. He separated from his wife, he took the car with him and continued to make the payments on it. At the time of the accident a friend, Hall, was driving the car and Eads was a passenger. Whether he had asked Hall to drive does not appear. It was held that Hall was not covered.

There was no contention in that case that the "actual use" was by Eads, so that that possibility was not discussed. But under the facts, we think Eads could not have qualified as an insured under (a) or (b). He was not the named insured or a resident of the household of the named insured, although he was the real owner. He could not qualify under (a) (2), upon the premise that the actual use was with permission of the named insured, because, as a non-owner, Mrs. Eads had no power to grant or withhold permission, as was pointed out in the opinion (p. 178), where many cases for that proposition

were cited. Since Eads was not covered, Hall could not meet the proviso that the actual use be by a person insured, even though he had been held to be legally responsible for the accident in that a judgment had been recovered against him. In the instant case, we hold that the actual use was by Barry, a person insured, and that this fact extended the coverage to Alan, under the terms of the policy in the case at bar.

The appellee cites 7 Appleman, *Insurance Law and Practice,* sec. 4354 as stating: "The term 'actual use', as employed in the present policy, was drafted to confine the coverage to situations where the employment made of the vehicle at the time of the accident was within the scope of the permission granted." We think it is clear, however, that the policy there referred to was one in which the coverage extended only to persons using the vehicle with the permission of the named insured. Thus, coverage depends in that situation upon the scope of the permission granted. In sec. 4361, Appleman states that "[t]he ordinary rule is usually stated to be that the bailee of an automobile, having possession with the permission of the named insured, cannot validly permit a third person to operate the vehicle so as to bring such third person within the policy protection". We may note that there are many cases to the contrary. But in sec. 4360, the author states: "The term 'actual use' refers to the actual employment of the vehicle at the time of the accident, rather than to the identity of the operator at such time." Thus, so far as the meaning of the words is concerned, the author would seem to agree that use and operation are not synonymous.

In the instant case Barry was covered as a resident of his father's household, and did not need to rely upon the permission granted. The policy in the instant case is broader than any of the policies in the cases cited by Appleman and relied upon by the appellee. Here the test is use rather than permission. Even where permission is required it has been held in many cases that permission to a second permittee may be implied. See, for example, *Standard Accident Ins. Co. v. New Amsterdam Cas. Co.,* 249 F. 2d 847 (C.A.7th), *Glens Falls Indemnity Co. v. Zurn,* 87 F. 2d 988 (C.A.7th); and cases cited in 160 A.L.R. 1195. See also the case note in 15 Ala. L. Rev. 610

(1963). Some cases turn on a question of deviation from the permission granted. See *Aetna Casualty & Surety Co. v. De Maison,* 213 F. 2d 826 (C.A.3d.). We find it unnecessary to discuss the scope of the permission granted, since that is merely an alternative ground of liability in the instant case.

> *Judgment reversed and directed to be entered for the appellants in the amount of four thousand eight hundred and eighteen dollars and thirteen cents, with interest from dates of payment, with costs.*