AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a corporation, Appellee,

v.

Ollie Marie SMITH, Appellant.

No. 9457.

United States Court of Appeals Fourth Circuit.

Argued Sept. 24, 1964.

Decided Sept. 28, 1964.

---

one Dale F. Spaur, with, the District Court found, the implied consent of Robert.

American had issued a policy covering the 1956 Chevrolet to Dorrence M. Rowe, who, by exhibiting the title certificate showing him as the owner of the vehicle, had represented himself to be the owner. The purpose of having the title to the vehicle in Dorrence, apparently, was to protect Robert's property from the demands of his estranged wife.

There was testimony that American had issued its policy to Dorrence M. Rowe only after an investigation of him. Such an investigation of Robert W. Rowe, Jr. would have disclosed his history of mental trouble, and American would not have accepted the risk if Robert had been named the insured.

Under these circumstances, the District Court found that the policy had been obtained on the basis of a material misrepresentation, and American's post accident notice cancelling its insurance from the moment of inception was effective. It also held that, in any event, the omnibus clause did not extend the protection of the policy to Spaur, whose permission to drive the car was founded only upon Robert's implied consent.

American offers a third defense against Spaur's rights to the benefits of the insurance policy, because, while it received notice of the accident, no one notified it of the commencement of Smith's tort action against Spaur until, many months later, American's attorneys discovered the pendency of the action.

We find it unnecessary to consider the validity of the other two defenses, for it seems plain that Spaur's use of the vehicle was not with the permission of the named insured within the meaning of the omnibus clause as construed in West Virginia, and that there is no basis for a contention that American waived its right to assert denial of its coverage under the omnibus clause or did anything to estop itself from denying coverage on that ground.

L. Eugene Dickinson, Charleston, W. Va. (Preiser, Weaver & Daugherty and Stanley E. Preiser, Charleston, W. Va., on brief) for appellant.

Edward W. Eardley, Charleston, W. Va. (Carl F. Stucky, Jr., and Steptoe & Johnson, Charleston, W. Va., on brief) for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and SIMONS, District Judge.

PER CURIAM.

In this declaratory judgment action, the American Casualty Company of Reading, Pennsylvania, and two other insurance companies who have now been dismissed as parties, sought a declaration of their obligations arising out of an automobile accident in which Ollie Marie Smith sustained personal injury. The offending vehicle, a 1956 Chevrolet, was registered in the name of Dorrence M. Rowe, but was actually owned, the District Court found, by Robert W. Rowe, Jr., Dorrence's brother, who had a history of mental disturbance, and, at the time of the accident, was not a member of Dorrence's household. It was being driven at the time of the accident by

On these points the District Court's discussion of the controlling law in West Virginia is full and accurate, so that we need add nothing here to what was said there in support of the conclusion that American's policy affords no coverage to Spaur under the omnibus clause.

We need not consider the alternative defenses.

Affirmed.