## KEYSTONE INSURANCE COMPANY *v.* THE FIDELITY & CASUALTY COMPANY OF NEW YORK, ET AL.

[No. 155, September Term, 1969.]

*Decided January 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SMITH and DIGGES, JJ.

*Frederick J. Green, Jr.,* with whom were *Lord, Whip, Coughlan & Green* on the brief, for appellant.

*John H. Bolgiano,* with whom were *Smith, Somerville & Case* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

This is yet another case arising under the "omnibus" clause in a motor vehicle public liability and property damage policy.[1]

At the time of the accident here in question John Joseph Hartman was a minor. He purchased an automobile for $75.00. The car was titled in the name of his mother. A policy of insurance was procured from appellant Keystone Insurance Company (Keystone). Mrs. Hartman was designated the "named insured". Young Hartman became an additional insured to satisfy the requirements of Code (1957), Art. 66½, § 93 (d).[2]

On August 10, 1963, young Hartman loaned the car to a friend, John E. Hensley (Hensley). An accident took

---

1. See within the past year *Goodwin v. Home Indem. Co.,* 255 Md. 364, 258 A. 2d 220 (1969); *Cohen, Adm'r v. Am. Home Assur. Co.,* 255 Md. 334, 258 A. 2d 225 (1969); *Am. Home Assur. Co. v. Erie Ins.,* 252 Md. 116, 248 A. 2d 887 (1969); and *Unsatisfied Claim and Judgment Fund v. U. S. F. & G. Co.* decided today.
2. Since repealed by Chapter 691 of the Acts of 1968.

place while the car was being operated by yet another individual, with Hensley present. No useful purpose would be served in reciting those facts which are not necessary for our decision.

Appellee The Fidelity and Casualty Company of New York (Fidelity and Casualty) had issued an insurance policy covering Hensley. A declaratory judgment action was instituted by Fidelity and Casualty to determine whether Keystone was obliged to defend and protect Hensley.

The Keystone policy contained what may be called a typical omnibus clause. The pertinent portion read:

"Persons Insured: The following are insureds under Part 1:

(a) With respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) (1) or (2) above:

(b) With respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner

and is within the scope of such permission, and

(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b) (1) or (2) above."

Judge Sodaro in the Superior Court of Baltimore City held Hensley to be an omnibus insured under the Keystone policy. In so doing he relied upon *Ohio Casualty Ins. Co. v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 238 F. Supp. 706 (D. C. Md. 1965), *aff'd* per curiam, 352 F. 2d 308 (4th Cir. 1965), in which Judge Harrison Winter made "an informed prediction of what the Maryland law [would] be when the matter is decided by the Maryland Court of Appeals" in the matter of a second permittee, and, also, upon *Melvin v. American Auto. Ins. Co.*, 232 Md. 476, 194 A. 2d 269 (1963). Judge Sodaro concluded:

"Hartman, the actual owner and having unrestricted use of the car had authority to permit Hensley to use the car so as to render Hensley an implied permissive user. Hartman placed no restrictions on the use of the car for the evening except to keep it gassed and oiled and to return it to Lucky Day's after the races."

We shall reverse the action of Judge Sodaro. As we see it, the trap into which he fell was in concluding that whether Hensley was an implied permissive user under the policy could be determined by ascertaining that young Hartman had the authority to permit Hensley to use the car. There is no question that Hartman could and did give permission to Hensley for use of the automobile. The question is whether he could give permission that would come within the purview of the omnibus clause of the insurance policy.

The registration of the title in the name of Mrs. Hart-

man raised a presumption that she owned the car. This presumption is rebuttable by evidence to the contrary if such is produced. *Liberty Co. v. American Co.*, 220 Md. 497, 500, 154 A. 2d 826 (1959). In this instance the presumption was rebutted by the testimony of young Hartman. Judge Sodaro found as a fact that young Hartman was the actual owner. Therefore, under Maryland Rule 886 a, for the purposes of our consideration, he is determined to be the actual owner.

This set of circumstances brings the case squarely within *Selected Risks v. Miller*, 227 Md. 174, 175 A. 2d 584 (1961). In that case a car was bought by Eads. It was titled in the name of his wife. She took out a policy in which she was the named insured. They separated. He took the car with him and continued to make payments on it. At the time of the accident the vehicle was being operated by Hall, a friend of Eads. Eads was present.

The omnibus clause provided:

"PERSONS INSURED:
The following are insured under Part I:
(a) With respect to the owned automobile,
    (1) the named insured and any resident of the same household,
    (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;
(b) With respect to a non-owned automobile,
    (1) the named insured,
    (2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner;
(c) Any other person or organization legally responsible for the use of
    (1) an owned automobile, or
    (2) a non-owned automobile, if such

> automobile is not owned or hired by such person or organization, provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such owned automobile or non-owned automobile."

What Judge (later Chief Judge) Prescott there said for this Court is pertinent here:

> "It is obvious that if this ruling of the trial judge is to be sustained, Hall must come within the scope of one of the three categories ([a], [b] or [c]) of 'Persons Insured' under the policy. We shall consider the categories *seriatim*.

### (a)

> "If the automobile involved in the accident be considered as an 'owned-automobile' under the policy, it is apparent that Hall was not the 'named insured,' nor was he a 'resident of the same household,' hence, under this heading, it is only necessary to determine whether he was a person using the automobile with the permission of the named insured as to its actual use. We think that he was not.

> "There was no evidence before the court that Mrs. Eads had consented to the actual use of the vehicle by Hall. On the contrary, she had not consented to its use by Hall and could not even had she wished to do so. 5A Am. Jur. *Automobile Insurance,* § 95 at p. 94, states that the word 'permission' or 'consent' connotes the power to grant or withhold it, and, therefore, in order for one's use and operation of an automobile to be within the meaning of an omnibus clause requiring the permission or consent of the named insured, the latter must, as a general rule, own the insured vehicle or have such

an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission. See also 45 C.J.S., *Insurance,* § 829 c (2) (b) bb at page 900; *Venne v. Standard Accident Insurance Co.,* 340 P. 2d 30 (Cal.); *Allstate Insurance Co. v. Hartford Accident & Indemnity Co.,* 311 S.W.2d 41 (Mo.). Thus, it has been held that an omnibus or extended coverage clause in an insurance policy requiring the permission of the named insured does not apply, where the insurance is taken out in the name of one not the real owner, to cover the real owner in actual possession and control of the vehicle, since the named insured does not have the power to grant or withhold permission. *Didlake v. Standard Insurance Co.,* 195 F. 2d 247 (C. A., 10th); *U. S. Casualty Co. v. Ohio Cas. Ins. Co.,* 208 F. 2d 451 (C. A., 5th). Cf. Annotations in 72 A.L.R. 1390, 106 A.L.R. 1255, and 126 A.L.R. 549. And Hall's use of the vehicle with the permission of Eads did not bring Hall within this category; because Eads was not within the policy definition of 'Named Insured.' True, he was Mrs. Eads' spouse, but he was not 'a resident of the same household.' *Ocean Acc. & Guaranty Co. v. Schmidt,* 46 F. 2d 269 (C. A., 6th); *Andrews v. Commercial Cas. Ins. Co.,* 259 N. W. 653 (Neb.); *Island v. Firemen's Fund Indemnity Co.,* 184 P. 2d 153 (Cal.).

### (b) and (c)

"If the vehicle be considered a 'non-owned automobile,' Hall was not a person insured under category (b), as he did not come within the policy definition of 'named insured,' and it is undisputed that he was not a relative of 'the named insured.' This brings us to a consideration of (c). Hall was not an insured by reason of being a person 'legally responsible for

the use of' an owned or non-owned automobile within this category, because the 'actual use' of the automobile was not 'by a person who [was] an insured' under either category (a) or (b) above. By the explicit terms of the policy, it was necessary, under the circumstances here involved, that the judgment-debtor Hall be an insured under either (a) or (b) in order for him to qualify as an insured under category (c). The 'actual use' of the vehicle was by Hall, himself. As we have just said, he was not 'an insured' under either (a) or (b); hence, he was not a person insured under category (c).

"Thus, it is seen that Hall was not a 'person insured' under the policy * * *." *Id.* at 178-79.

*Melvin v. American Auto. Ins. Co., supra,* in no way changed the above holding, which was reviewed and distinguished in that case. In *Melvin* coverage was held to exist under the omnibus clause because the son there involved was an "insured" within the terms of the policy as a resident of the same household; he was in the car at the time of the accident, although not operating it; and the car was on his mission at the time. Judge (later Chief Judge) Henderson there said for the Court:

"Here the test is *use* rather than permission."
*Id.* at 480. (emphasis supplied)

The situation here is not altered by the issuance of the JR 11 to young Hartman, thereby naming him an insured for one purpose in the policy. There is inadvertent dicta in *Kelsay v. State Farm Insurance,* 242 Md. 528, 533, 219 A. 2d 830 (1966), from which one might infer that Code (1957), Art. 66½, § 131 (a) (3) would have the effect in the case of a JR 11 of extending the policy to any person operating a motor vehicle described in the policy to which the JR 11 is attached with the permission of the person named in the JR 11. Naturally, Fidelity and Casualty finds comfort in that language. Its

comfort must be shortlived, however, for in *Mills v. Judd*, 256 Md. 144, 259 A. 2d 267 (1969), we have held that the provisions of § 131 are not applicable to a policy issued under Code (1957), Art. 66½, § 93 (d) as it existed prior to its repeal in 1968, but the JR 11 is covered by the provisions of § 122. Accordingly, the presence of the JR 11 in no way changes the situation here.

In short, in order to bring the omnibus clause into play, the policy here in controversy required consent by the named insured. The named insured was not the owner. Therefore, she could not validly consent to the use of the vehicle. Accordingly, no coverage was provided by the Keystone policy to Hensley at the time of the accident in question.

*Judgment reversed; costs to be paid by the appellees.*