256 Md. 412 (1970)
260 A.2d 279
UNSATISFIED CLAIM AND JUDGMENT FUND, ET AL.
v.
UNITED STATES FIDELITY & GUARANTY COMPANY
[No. 141, September Term, 1969.]
Court of Appeals of Maryland.
Decided January 8, 1970.
The cause was argued before HAMMOND, C.J., and BARNES, McWILLIAMS, SMITH and DIGGES, JJ.
James M. Gabler, with whom were John G. Prendergast, Jr. and Smith, Somerville & Case on the brief for appellant Hildenbrand and Francis B. Burch, Attorney General, and William E. Brannan and Alfred J. O'Ferrall, III, Assistant Attorneys General, on the brief for appellant Unsatisfied Claim and Judgment Fund.
David M. Buffington for appellee.
SMITH, J., delivered the opinion of the Court.
This is yet another case arising under the omnibus *414 clause of a motor vehicle public liability and property damage insurance policy.
Appellee United States Fidelity & Guaranty Company (U.S.F. & G.) issued a policy of insurance to William Elmer Grube (the father). He was the "named insured". William Russell Grube (the son), then 23 years of age and just home from the Navy, bought an automobile. It was titled in the name of the father and added to the father's policy, a car previously owned by the father having been in the policy originally.
On July 6, 1966, there was an accident while the car was being operated by Alan Thomas Hildenbrand (Hildenbrand), to whom the car had been entrusted by the son for the purpose of taking it to certain repair shops.
U.S.F. & G. brought a declaratory judgment action to determine whether its policy was applicable to the accident. Parties were Hildenbrand, Unsatisfied Claim and Judgment Fund (the Fund), and the person injured in the accident. Two issues were submitted to a jury, namely:
"1. At the time of the accident in question, did the named insured, William Elmer Grube, the father, have such an interest in it that he was entitled to the right of possession and control of the vehicle?
"2. Was the operation of the 1961 Chevrolet by Alan T. Hildenbrand at the time the accident on July 6, 1966, operating within the scope of the permission given by William Russell Grube?" [sic]
The jury answered both questions in the affirmative. Judge Watts in the Superior Court of Baltimore City granted the motion of U.S.F. & G. for a judgment n.o.v. and declared the driver of the vehicle at the time of the accident not protected under the policy issued by U.S.F. & G. to the father. Hildenbrand and the Fund appeal. We shall affirm the action of Judge Watts.
At the time of the accident and at the time of the purchase *415 of the car, the son was unmarried, although he had been married previously. He resided in the home of his parents. The car was financed. The loan obligation was signed by both the father and the son. The down payment was made by the son from money he had saved. The son made the car payments and paid all operating expenses, including repairs, gasoline, and oil. He was employed.
We regard this case as controlled by Selected Risks v. Miller, 227 Md. 174, 175 A.2d 584 (1961), and Keystone Ins. Co. v. Fidelity & Cas. Co., 256 Md. 423, 260 A.2d 275 (1970), decided today.
The applicable clause in the insurance policy provided in pertinent part:
"Persons Insured
The following are Insureds under Part I:
(a) with respect to the owned automobile,
(1) the Named Insured and any resident of the same household,
(2) any other person using such automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an Insured under (a) (1) or (2) above;"
When title to the vehicle was placed in the name of the father, this raised a presumption of ownership. Such presumption is not conclusive, however, and is rebuttable by evidence to the contrary if such is produced. Liberty Co. v. American Co., 220 Md. 497, 500, 154 A.2d 826 (1959).
For purposes of the case Hildenbrand and the Fund were treated as plaintiffs. In considering the motion for judgment n.o.v., the evidence and the reasonable inferences *416 to be drawn from it must be considered in the manner most favorable to Hildenbrand, the Fund's interest coinciding with his interest. P. Flanigan & Sons v. Childs, 251 Md. 646, 653, 248 A.2d 473 (1968).
In the view we take of this case, we are obliged to consider only whether there was legally sufficient evidence to establish that the father had such an interest in the vehicle as would entitle him to the right of possession and control of the vehicle, since if he did not, the permission of the owner who is not the named insured would not bring Hildenbrand within the omnibus clause. Selected Risks v. Miller, supra, and Keystone Ins. Co. v. Fidelity & Cas. Co., supra. The undisputed testimony of the son was that he owned the vehicle. This would have the effect of rebutting the presumption that might have arisen by virtue of the titling of the vehicle in the name of the father.
The appellants seek to distinguish this case from Selected Risks v. Miller, supra. Were they successful, their contention would cover Keystone, supra, also. They point to the fact that in Selected Risks v. Miller, supra, Judge (later Chief Judge) Prescott, in the opinion for the Court quoted with approval from 5A Am. Jur., Automobile Insurance, § 95 at page 94, saying in his opinion:
"[T]he word `permission' or `consent' connotes the power to grant or withhold it, and, therefore, in order for one's use and operation of an automobile to be within the meaning of an omnibus clause requiring the permission or consent of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission." Id. at 178. (emphasis added by appellants)
They say, "It is clear from the context that the italicized word `or' was employed by the Court to express an alternative, *417 or to give a choice of one among two or more things." They contend that the father was in a position to exercise considerable dominion and control over the use of the automobile by the son. They say that, without the consent of the father, the son could not have obtained the ownership of the car, being unable to pay for it; that he would have had no insurance coverage on it; that he could not have continued to retain it in his possession; that the father could have cancelled the registration of the automobile and that he could have had the insurance coverage cancelled.
In 45 C.J.S. Insurance, § 829 at page 123 of the 1969 pocket parts it is said:
"More generally stated, `permission' or `consent' must come from someone in a position to give or grant it, having a relation to or control over the car such as to entitle him to give or withhold permission or consent."
It may be said that it is with that background that the attempt is here made to bring this case outside of the holding in Selected Risks v. Miller, supra, and Keystone Ins. Co. v. Fidelity & Cas. Co., supra. The gist of the argument of appellants here is that, although as a general proposition where a named insured does not own the automobile he has no right to grant or withhold permission to use it as we have held in Selected Risks v. Miller, supra, and Keystone Ins. Co. v. Fidelity & Cas. Co., supra, here the father, although not owning the automobile, did have such control over it that he was entitled to grant or withhold permission to use it. Therefore, they say, he could grant or withhold permission to the son, the actual owner, to use it, thereby facing us with the question of whether the use by Hildenbrand, the second permittee, was within the scope of the permission granted by the son and, therefore, within the policy coverage.
7 Appleman, Insurance Law and Practice (1962), § 4358 states:

*418 "Where legal ownership is in one person, who is not the named insured, permission of the owner is not sufficient to give an operator protection under an omnibus clause in the policy; only permission of the named insured satisfies the policy requirements."
And in § 4360 it is said:
"But the actual owner of the automobile has no authority to grant permission for its use ordinarily where he is not the named insured."
See in this regard, among other cases, Nolan v. American Sur. Co. of New York, 221 F. Supp. 166 (E.D. Ky. 1963).
7 Am.Jur.2d, Automobile Insurance, § 115 (1963), states:
"An omnibus clause requiring the permission of the named insured does not apply where the insurance is taken out in the name of one not the real owner, to cover the real owner in actual possession and control of the vehicle, since the named insured does not have power to grant or withhold permission."
45 C.J.S. Insurance, § 829 c (2) (b) bb (1946), at page 900 states:
"Since, as stated * * *, the term `permission' implies power to prevent, permission or consent, within an omnibus or extended coverage clause, cannot be given by one who is not the owner of the car, although a lessee has been held so empowered, or by one who is not a named insured, even though he is the owner or has obtained exclusive control and dominion over the car, as by purchase." (emphasis added)
One of the leading cases cited to this effect is Didlake v. Standard Ins. Co., 195 F.2d 247, 33 A.L.R.2d 941 (10th Cir.1952), cited by Judge Prescott in Selected Risks v. *419 Miller, supra. In that case there was a stipulation that the policy had been secured by the false representation of the named insured that he was the sole owner of the vehicle, while actual sole ownership, possession and control was in the driver to whom the insurer would not have issued the policy because of his minority. The court said:
"Here, the use of the automobile by Jannson at the time of the accident was by virtue of his ownership, possession and control of the automobile. It was not by virtue of permission given by Lathrop, who could not withhold from Jannson the right to use the automobile and therefore could not give his permission for such use." Id. at 252.
In Hinton v. Carmody, 186 Wash. 242, 60 P.2d 1108 (1936), the car was owned by an individual 20 years and 9 months old. His father was the principal owner of a corporation. The son sometimes used the vehicle in connection with the business of the company and occasionally on errands for his father. An insurance policy was taken out by the father and paid for by him. The named insureds were the father and his corporation. The father had signed the conditional bill of sale of the car because the son was under 21. The omnibus clause extended its protection to additional parties operating the automobile with the permission of the named insured or with the permission of an adult member of his household other than a chauffeur or domestic servant. The court said:
"Appellant argues that, at the time of the accident, the Carmodys were driving the car with the implied permission of [the father], a named insured. We have carefully read the evidence in this connection, and are clearly of the opinion that appellant's contention is not supported by the record. We find nothing which would justify holding that the car was driven with the implied consent of either [the father] or [his corporation]. *420 The car belonged to [the son], who was not named as an insured in the policy here in question, and it cannot be held that his act in loaning the car to the Carmodys constituted them additional insureds under the policy protecting [the father] and the company.
"Appellant contends that [the son] was, in legal effect, a named insured under the policy, but the contract of insurance cannot be so extended. He was not a named insured, and in so far as appellant is concerned, the terms of the policy cannot be enlarged for appellant's benefit in the manner suggested." Id. at 186 Wash. 248-49.
To the same effect see Ohio Casualty Ins. Co. v. Goodman, 163 Okl. 243, 22 P.2d 997 (1932).
There have been attempts on the part of injured persons where a conditional vendee did not have insurance covering his motor vehicle to come in under the omnibus clause of the conditional vendor. The general rule is that the operation of the vehicle is done in such cases, not with the permission of the conditional vendor, but as a matter of right on the part of the conditional vendee, the conditional vendee using the vehicle in his own right. The leading case on the subject is said to be Whitney v. Employers' Indem. Corp., 200 Iowa 25, 202 N.W. 236, 41 A.L.R. 495 (1925). See also Home Indemnity Co. v. Bowers, 194 Tenn. 560, 253 S.W.2d 750, 36 A.L.R.2d 668 (1952), and annotation on the subject at 36 A.L.R.2d 673.
Where absolute title has passed, the vendee does not operate the car with the permission of the vendor, but as a matter of right. In this regard see Fagg v. Mass. Bonding and Ins. Co., 142 Ore. 358, 19 P.2d 413 (1933); American Cas. Co. of Reading, Pa. v. Smith, 337 F.2d 224 (4th Cir.1964), aff'g sub nom., Travelers Indem. Co. v. American Cas. Co. of Reading, Pa., 226 F. Supp. 354 (S.D.W. Va.).
*421 A lessee of a vehicle has been held to have such an interest as to entitle him to give or withhold permission or consent. In State Farm Mutual Auto. Ins. Co. v. Mackechnie, 114 F.2d 728 (8th Cir.1940), the insured bus was owned by the director of a college choir. The named insured was the choir. The director had bought the bus to provide transportation for the choir and was paid for its use. An accident took place while the bus was being used for the choir. Judgment was obtained against both the driver and the bus owner. When the judgments were returned unsatisfied, the claimant sued the insurer of the owner. The court held that the choir could properly give permission to the driver. It said:
"Generally, the owner has the power of control and the right to give permission to use. The Midland College Choir was to all intent and purposes the lessee, and as such a properly named assured and a party having power to give permission to use. * * * The Midland College Choir as a virtual lessee had the right of control and the power to grant permission to use. * * * The Midland College Choir certainly had the capacity during the period of rental to grant permission to use the bus." Id. at 734.
See for a similar case Rector v. Robinson, 36 Ill. App.2d 272, 183 N.E.2d 22 (1962).
In Giroud v. New Jersey Mfrs.' Casualty Ins. Co., 106 N.J.L. 238, 148 A. 790 (1930), the Court of Errors and Appeals of New Jersey held in the case of a truck company with a fleet policy there was no coverage under the omnibus clause relative to the vehicle of an independent contractor. There had been a prior holding of that court involving the same parties that the truck owner was not the servant of the truck company in the operation of the truck on the day and at the time and place of the accident, but was then an independent contractor. The Court adopted the opinion of the trial judge. The trial judge *422 pointed out that the vehicle was not one enumerated in the policy and, therefore, if there were coverage it had to be under a provision relative to hired vehicles. He said in part:
"To hire property involves the idea of passing of the possession, management, and control of the thing hired into the hands of the hirer. No such thing happened here under the language of the decision above quoted.
"Nor was A.'s truck being operated by A. with the permission of the [Stryker Transportation Company]. Consent means, as I understand the use of that word, `to yield when one has the right, power, or will not to do so.' Stryker had contracted with A. to do certain work, and in that respect may be said to have consented that A. should employ the means necessary to carry out the work, and, incidental thereto, to use the truck in question; but can it be said that S. consented, as contemplated by the ninth section of the policy?" Id. at 241.
The court held that the vehicle was not owned by the truck company nor was it used or hired by it, and, accordingly, there was no coverage.
The only difference between this case and the cases generally holding that consent by one who is not a named insured, even though he is the owner, is not sufficient to create the coverage, is that here the son lived in the home of the named insured and the father had co-signed the note. In the other cases, the same factors of insurance in the name of the named insured and tags in the name of the named insured would have been present. The fact that the son lived in the household of his parents, and that the father had co-signed a note would not effect sufficient change to grant to the father such right of control over the vehicle as to be able to deny the use of the vehicle to the son who was the actual owner. Accordingly, we hold *423 that as a matter of law there was not sufficient evidence adduced to warrant submission to the jury of an issue as to whether the father had such an interest in the vehicle that he was entitled to the right of possession and control of it. Therefore, Judge Watts was entirely correct in granting the motion for judgment n.o.v. on the strength of the holding of this Court in Selected Risks v. Miller, supra, now buttressed by our holding today in Keystone Ins. Co. v. Fidelity & Cas. Co., supra.
Judgment affirmed; appellants to pay the costs.