FILOMENA CICONTE, Administratrix of the Estate of Frank Ciconte, deceased, and FILOMENA CICONTE,

*vs.*

FRANCESCO BARBA AND MARIA TERESA BARBA, his wife.

*New Castle, July* 15, 1932.

*Herbert H. Ward, Jr.,* of the firm of Ward & Gray, for Filomena Ciconte.

*A. James Gallo* and *Francis A. Reardon,* for administratrix of Frank Ciconte.

THE CHANCELLOR: In *Kunz v. Kurtz,* 8 *Del. Ch.* 404, 68 *A.* 450, it was distinctly held by Chancellor Nicholson that the *Married Women's Act* of this State (now *Revised Code* 1915, § 3047 *et seq.,* as amended), notwithstanding it liberated in a general way a married woman's property from the consequences of the oneness which the common law attributed to the relation of husband and wife, nevertheless left undisturbed the common law concept of an estate by the entirety with its incident of the right of survivorship. In *Godman v. Greer, et al.,* 12 *Del. Ch.* 397, 105 *A.* 380, the Orphans' Court held that if a devise of land were made to a husband and wife in fee expressly "as tenants in common," an estate by the entirety with its incident of survivorship was not thereby created. The Orphans' Court stated that its decision was in principle at variance with that of the Chancellor in *Kunz v. Kurtz, supra.* It however refused to be bound by that case.

The result of these two cases is that if language appears which shows an *express* intent that the husband and wife shall hold not by the entirety but as tenants in common, such intent will control, notwithstanding the ancient rule, recognized by the Orphans' Court, that whether an estate by the entirety be created is not a matter of intention but one solely of legal fiction arising out of the marital status; but that if such an intent is not disclosed, the old rule of the common law will prevail.

In the instant case, we are not concerned with an estate in land. If we were, I should follow without further discussion the prior decision in this court, for the title of the husband and wife in the mortgage is so expressed, if it were a deed of conveyance, as to bring the case on all fours with *Kunz v. Kurtz, supra.*

Here, however, we are dealing with personal property, for while a mortgage is in point of form a conveyance of title, yet at both law and equity it is now nothing more than a lien. *Malsberger v. Parsons,* 11 *Del. Ch.* 249, 100 *A.* 786; *Fox v. Wharton,* 5 *Del. Ch.* 200; *Walker's Adm'r. v. Farmers' Bank,* 6 *Del. Ch.* 81, 10 *A.* 94; *Cornog v. Cornog,* 3 *Del. Ch.* 407; *Cooch v. Gerry,* 3 *Har.* 280.

The question then is whether words which create an estate in a husband and wife by the entirety if used in respect to real estate, would create a similar interest in them if the subject matter be personalty, so that when one dies the survivor will become entitled to the whole in right of his or her survivorship. On this question the authorities are in hopeless conflict. If at the common law a husband and wife took title by the entirety to personal property which was transferred to them in their joint names, without words indicating that the holding was to be in common, then the principle of *Kunz v. Kurtz, supra,* would require that, notwithstanding the enactment of the *Married Women's Act,* the incidence of survivorship would adhere to the joint ownership and the survivor would take the whole to the exclusion of the representative of the deceased spouse.

There are cases which announce in unequivocal terms

that estates by the entirety in the field of real property had their counterpart at common law in personal property. On the other hand other cases announce with equal positiveness that such a thing as an estate or interest by the entirety in personalty was unknown to the common law.

The following cases may be cited among others as exemplifying those which recognize an estate or interest by the entirety in personal property and hold that a mortgage, bond, note or bank account in the name of a husband and wife simpliciter goes as a consequence to the surviving spouse as the sole owner: *In re Branberry's Estate,* 156 *Pa.* 628, 27 *A.* 405, 22 *L. R. A.* 594, 36 *Am. St. Rep.* 64; *Woodward v. Woodward,* 216 *Mass.* 1, 102 *N. E.* 921; *Boland v. McKeown,* 189 *Mass.* 563, 76 *N. E.* 206, 109 *Am. St. Rep.* 663; *Allen v. Tait,* 58 *Miss.* 585; *Craig, Public Adm'r., v. Bradley,* 153 *Mo. App.* 586, 134 *S. W.* 1081; *Brewer v. Bowersox,* 92 *Md.* 567, 48 *A.* 1060; *George v. Dutton's Estate,* 94 *Vt.* 76, 108 *A.* 515, 8 *A. L. R.* 1014; *Union & Mercantile Trust Co. v. Hudson, et al.,* 147 *Ark.* 7, 227 *S. W.* 1; *Citizens' Savings Bank, etc., v. Jenkins, et al.,* 91 *Vt.* 13, 99 *A.* 250; *In re Klenke's Estate,* 210 *Pa.* 572, 60 *A.* 166; *In re Sloan's Estate,* 254 *Pa.* 346, 98 *A.* 966. Cases taking a different view are exemplified by the following, cited by the solicitor for the administratrix of the deceased husband: *Stout v. Van Zante,* 109 *Or.* 430, 219 *P.* 804, 220 *P.* 414; *McInnis v. Atlantic Investment Corp.,* 137 *Ore.* 648, 3 *P.* (2d) 118, 4 *P.* (2d) 314; *Koehring v. Bowman,* 194 *Ind.* 433, 142 *N. E.* 117; *Turlington v. Lucas,* 186 *N. C.* 283, 119 *S. E.* 366; *In re Berry,* (*D. C. Mich.*) 247 *F.* 700; *Blumenthal v. Grossman,* 236 *N. Y.* 448, 141 *N. E.* 911, 30 *A. L. R.* 901; *Matter of Albrecht,* 136 *N. Y.* 91, 32 *N. E.* 632, 18 *L. R. A.* 329, 32 *Am. St. Rep.* 700; *Aubry v. Schneider,* 69 *N. J. Eq.* 629, 60 *A.* 929.

In England it was held by Lord Langdale, Master of the Rolls, that in a bequest to a man and his wife and their children of whom there were two, each child took a third and the husband and wife together took a third. *Gordon v. Whieldon,* 11 *Beav.* 170, 50 *Eng. Rep.* 782. The principle

laid down by Littleton (*Section* 291) as applicable to the creation of estates by the entirety in land was recognized by the Master of the Rolls as applicable to personalty.

In this country the authorities as before stated are in conflict. The weight of them is decidedly in favor of the view that the interest of a husband and wife in a joint chose in action of the type found in the case *sub judice* is an interest, by whatever name it may be called, similar to that of an estate by the entirety in land; and that the modern *Married Women's Acts* have been as ineffective to destroy the one as they have the other. See 13 *R. C. L.* 1105, § 128.

In a note to 8 *A. L. R.* 1018, it is stated, and accurately I believe, that "the decided weight of authority is to the effect that estates by the entirety may exist in personalty as well as in realty." The annotator has collected and cited numerous cases in support of his text.

To apply the term "estate by the entirety" to personal property is perhaps an offense against the principle of precision in legal terminology, because that term is rather intimately associated with real property. But whether the term is a technically appropriate one as applied to personal property or not, the weight of authority holds that the same sort of estate or interest which is everywhere recognized in the law of real property as an estate by the entirety, is recognized also as existing in the law of personal property, and that the characteristics incident to such an interest, including of course that of the right of survivorship, are equally present in the one as in the other.

No case is to be found which holds that the law forbids a holding by husband and wife of personal property in such a way as to admit of the right of the survivor to take the whole. The line of cleavage between the cases is upon the question of how such a holding is to be evidenced. As before stated the weight of authority deduces a holding by the entireties so to speak from the bare circumstance that the title to a mortgage, bond, note or bank account is

in the husband and wife. In New York that circumstance alone is not sufficient to give the character of entirety to the title. In that jurisdiction the question is referred to the general field of intent. *Blumenthal v. Grossman,* 236 *N. Y.* 448, 141 *N. E.* 911, 30 *A. L. R.* 901. In that case it was held that it did not follow that a mortgage in the joint name of a husband and wife was held by them by the entireties from the circumstance that it was a purchase money mortgage given to secure the purchase money of land sold by them and held by them as tenants by the entirety. The New York rule is followed in a few other jurisdictions, but as before stated it is out of line with the weight of authority generally. It is to be observed that while the courts of Indiana reject the conception of an estate or rather an interest by the entirety in personal property as a general proposition where nothing appears to show it except the mere fact that the title is in the joint names of the husband and wife, an exception to the general rule is held to exist where the personal property is derived from the proceeds of real estate owned by the entirety. *Koehring v. Bowman, et al.,* 194 *Ind.* 433, 142 *N. E.* 117.

In the instant case we are concerned only with a purchase money mortgage taken by Ciconte and wife to secure the proceeds from the sale of land which they had held as tenants by the entirety, and I am of the opinion that in such a case the survivor takes the whole.

I am not disposed to enter upon a review and discussion of the numerous cases that deal with this question. The time is not mine to do so. If it were, it would be interesting to note the confusion which exists among the courts which take a view contrary to what I have before stated to be the weight of authority—confusion I mean upon various questions which arise as necessary corollaries to be established when once the idea of entireties is abandoned.

Decree that the entire proceeds after costs be paid to Filomena Ciconte.