88 A.2d 126 (1952)
RIGBY
v.
RIGBY.
Civ. A. No. 27.
Court of Chancery of Delaware, Kent.
April 23, 1952.
Herman C. Brown, Dover, for plaintiff.
Everett F. Warrington, Georgetown, for defendant.
BRAMHALL, Vice Chancellor.
Plaintiff and defendant are husband and wife, having been married on March 1, 1916, and having resided and cohabited together until their separation in 1948. During their married life defendant worked at times at different jobs, but mostly he was engaged in farming. Plaintiff looked after the housework and for a time at least was employed in Elkton, Maryland. According to plaintiff's testimony, she also worked at a tomato factory in Wyoming. Plaintiff testified that she did the housework and also assisted in feeding and milking a herd of cows on the farm of plaintiff and defendant; that with her own money she purchased several cows, from which the herd in existence at the time of the separation was raised; that it was understood between plaintiff and defendant that if and when the cattle were sold each was to have one-half of the proceeds of the sale; that defendant also purchased several cows, but that, for various reasons, the cows purchased by defendant had nothing to do with the raising of the herd in question. It was further established that in the latter part of 1938 or early part of 1939, defendant was adjudicated a bankrupt; that plaintiff did not file a petition in bankruptcy; that the cattle on the farm were listed in the schedule in bankruptcy filed by defendant; that in March of 1939, upon application of the trustee, these cattle were sold by the trustee at private sale to one Mary R. Stafford, sister of defendant, now deceased, for the sum of Two Hundred Sixty-five Dollars ($265.00); that said Stafford left the cattle on the farm occupied by plaintiff and defendant; that the sister was never paid for these cattle by either plaintiff or defendant; that after the separation of plaintiff and defendant and after the institution of these proceedings, the cattle were sold by defendant for the sum of Seventeen Hundred Ninety-one Dollars and eighty-five cents ($1791.85), which sum defendant testified had been retained by him intact.
Defendant denied that plaintiff did anything on the farm except the housework or that she ever worked in any jobs except for a short time at Elkton. He further *127 denied the plaintiff had purchased any of the cattle in question or ever paid any sum on account of these purchases. In substantiation of his contention as to the title to the cattle, defendant produced three receipts, purporting to show that they were purchased by him in his name alone. Apparently, most of the herd in existence at the time of the separation of the parties came from these three cows. There is no evidence that the sister ever resold the cattle to either the plaintiff or defendant, or both, although defendant claims he is now the owner thereof.
Plaintiff contends that the cattle were held by her and defendant as tenants by the entireties and has come into this court asking for an accounting therefor. Defendant contends that the cattle were his own property and that plaintiff never had any interest therein.
In the consideration of this case it becomes necessary to determine whether or not plaintiff or defendant, or both, owned the cattle in question and the nature of such ownership.
In order to create a tenancy by the entireties certain characteristics must be present, namely: unity of time, title, interest and possession, as well as the relationship of husband and wife at the time of its creation. There must also be a unity of ownership. In re Cochran's Real Estate, Del.Orph., 66 A.2d 497. It follows, therefore, that the title must be acquired by both husband and wife at the same time and in the same instrument, if there should be an instrument, or, in the absence of an instrument, in the same transaction. Neither party may obtain title separately at different times or in different instruments. Pegg v. Pegg, 165 Mich. 228, 130 N.W. 617, 33 L.R.A.,N.S., 166.
According to the weight of authority and the decisions in this state, a tenancy by the entireties may exist in personal property. Hoyle v. Hoyle, Del.Ch., 66 A.2d 130, Ciconte v. Barba, 19 Del.Ch. 6, 161 A. 925, Rauhut v. Reinhart, 22 Del.Ch. 431, 180 A. 913. However, the same rules governing the creation of an estate by the entireties in real estate apply equally to the creation of an estate by the entireties in personal property. See cases cited in 26 Am. Jur., Sec. 71, p. 698, n. 1.
Did plaintiff and defendant own the personal property in question as tenants by the entireties? While the testimony of plaintiff and defendant are conflicting in most respects, it is clear that there is no evidence of the creation of an estate by the entireties in the manner in which this relationship is usually created. There is nothing in the record to show that title to any of this property was obtained by any instrument under which title was given to the parties as tenants by the entireties or that the funds from which the personal property was purchased, such as, for example, a bank account, were held by the plaintiff and defendant as tenants by the entireties. Plaintiff testified that she purchased most, if not all, of the cattle from which the herd was raised with her own funds. Defendant, denying this, claimed that he purchased the cattle himself and produced receipts showing the purchase of the cattle in his own name. There was therefore no unity of time, title, or interest necessary to create an estate by the entireties. The testimony does not disclose any understanding between the plaintiff and defendant as to the right of either the plaintiff or defendant upon the death of the other. Assuming, without deciding, that, where the other elements necessary for the creation of an estate by the entireties are present, the right of survivorship would be presumed from the ownership of the property, in the absence of such circumstances, the fact that there was no understanding relative to such survivorship is certainly an indication that an estate by the entireties did not exist in the property.
Plaintiff relies upon the case of Hoyle v. Hoyle, supra, and the case of Berhalter v. Berhalter, 315 Pa. 225, 173 A. 172, as authority for her contention that the relationship of tenancy by the entireties exists. These cases are not in point here. In both the Hoyle and the Berhalter cases there was a deposit in bank in the name of both husband and wife, with the incident of survivorship. *128 In those cases an estate by the entireties was created by the act of both parties in making the deposit in both names with the right of survivorship. There was, therefore, in these cases, a compliance with the requirements of unity of time, title and interest, not present in this case. Here there was no common fund in the name of both parties with the right of survivorship, the purchases being made, according to the testimony of plaintiff, by her and with her money.
The property in question was scheduled by defendant in the schedule in bankruptcy filed by him in the bankruptcy court as his own personal property. Plaintiff made no objection to this or to the sale. There is some doubt as to whether plaintiff may have understood at the time that a sale was taking place. However, she did know that this property had, in some manner, apparently become the property of defendant's sister. After the bankruptcy proceedings both she and the defendant recognized the ownership of the sister in the property until the time of the sister's death. It is true that in bankruptcy proceedings a purchaser at the sale of a bankrupt's property acquires only whatever title the bankrupt may have had in the property at the time of his adjudication as a bankrupt. Nevertheless, the fact that in this case, plaintiff never questioned the ownership of defendant at the time of his adjudication in bankruptcy or the ownership of the sister after the bankruptcy proceedings is clearly inconsistent with her claim to an interest therein. The sister is now deceased. Defendant claims that he is now the owner of the property by reason of the fact that neither his sister nor her personal representative has made any claim against him or against the property. However that may be, neither the sister nor her representative is a party to this action and, therefore, the rights of the sister or her estate cannot be adjudicated here. Since it is clear that the sister acquired defendant's interest in the property in the bankruptcy proceedings, and, since both plaintiff and defendant have acknowledged her as the owner of the property, and, further, since according to the record in this case there is no evidence that the sister ever parted with her title, if any, to the property, I must conclude that plaintiff is not entitled to an accounting.
An order will be signed, upon notice, in accordance with this opinion.