**Glen D. MOSER, Defendant Below, Appellant,**

v.

**Priscilla M. MOSER, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Jan. 27, 1972.

John M. Bader of Bader, Dorsey & Kreshtool, Wilmington, for appellant.

Joseph S. Yucht of Balick & Yucht, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal by a husband, the defendant in protracted domestic litigation which commenced with the filing by a wife of a complaint for separate maintenance. All the issues in the controversy, except the one now before us, have become moot by reason of the divorce of the parties.

The sole issue before us is the ownership of 75 shares of the stock of a small closely-held corporation, Reproduction Center, Inc. The shares in question are registered in the name of the husband and are part of a total of 115 registered in his name. His stock ownership represents 50% of the total issued stock. The husband's partner in the business owns the remaining 50%.

During their married life, the parties maintained a joint checking account from which household and family expenses were paid. Most of the money deposited in the account was earned by the husband since the wife was keeping the family home and raising their two children. She did, however, between 1956 and 1960, earn about $3700.00, most of which went into the joint account.

In 1959 the husband and his partner formed the corporation, each investing $1,000 for the purchase of 50 shares of stock. The husband's $1,000 came from the joint checking account. In 1960 and 1961, an additional 25 shares were issued

to each partner. Again, the husband paid for this stock with money from the joint checking account.

The Chancellor found as a fact that the parties regarded the deposit of their earnings in the joint account as joint property. This finding, by reason of conflicting testimony, involved the credibility of the witnesses which was resolved by the Chancellor in favor of the wife. We accept this finding.

The result was the creation of a joint tenancy, similar to a tenancy by the entireties. Ciconte v. Barba, 19 Del.Ch. 6, 161 A. 925 (1932); Rauhut v. Reinhart, 22 Del.Ch. 431, 180 A. 913 (1935). Such being so, neither spouse may destroy the tenancy without the consent of the other. Hoyle v. Hoyle, 31 Del.Ch. 64, 66 A.2d 130 (1949); In re Griffith, 33 Del.Ch. 387, 93 A.2d 920 (1953). Furthermore, the fact that most of the funds deposited in the joint account were supplied by the husband does not defeat the joint tenancy. In re Putney's Will, 42 Del.Ch. 394, 213 A.2d 57 (1965).

When property is acquired by the use of joint funds, but title is taken in the name of one spouse alone, the property nevertheless will remain the joint property of the spouses. Annotation, 64 A.L.R.2d 62, § 21.

In view of the Chancellor's factual findings and of the cited cases, the Chancellor's ruling that the wife has an individual one-half interest in the 75 shares was correct.

Finally, the husband argues that even though the wife has such an interest, she is barred by laches from asserting her claim since more than eight years elapsed before she sought to assert it.

It appears that the wife in fact did not know that the shares in question had been issued in the husband's name only until after she commenced her separate mainte-nance action. The Chancellor so found. We will not disturb this finding.

Laches will not bar a claim in Chancery unless it can be shown that the plaintiff had knowledge, or should have had knowledge of the fact. Bovay v. H. M. Byllesby & Co., 25 Del.Ch. 1, 12 A.2d 178 (1940).

The judgment below is affirmed.