WILLIAM M. YOUNG CO., a Delaware
Corporation, Plaintiff,

v.

TRI–MAR ASSOCIATES, INC., a Delaware
Corporation, General Contrac-
tor, Defendant.

Joseph L. SARRO and Virginia T. Sarro, his
wife, Owners or Reputed Owners, De-
fendants and Third-Party Plaintiffs,

v.

Mario MALONE and Angelo Pantuliano,
Third-Party Defendants.

Superior Court of Delaware,
New Castle.

Submitted April 2, 1976.

Decided June 22, 1976.

Howard L. Williams, of Morris, James
Hitchens & Williams, Wilmington, for
plaintiff.

Richard W. Pell, of Tybout, Redfearn &
Schnee, Wilmington, for co-defendants Jo-
seph L. Sarro and Virginia T. Sarro.

Kenneth F. Carmine, Wilmington, for
defendant Tri-Mar Associates, Inc. and
third-party defendants Mario Malone and
Angelo Pantuliano.

STIFTEL, President Judge.

Judgment was rendered against Angelo
Pantuliano and Mario Malone in the

amount of $4,000 plus costs as a result of a mechanic's lien action to which Pantuliano and Malone were third-party defendants. On November 3, 1975, the holders of that judgment, Joseph L. and Virginia T. Sarro, requested the issuance of an execution writ against a 1973 Pontiac Le Mans, Serial Number 2D35M3G–100397, owned by Angelo Pantuliano "and/or" Sara A. Pantuliano, the petitioners.

■ The issue here involves the significance of the "and/or" language in the title to the subject automobile. Is the automobile held by an estate of the entireties such that it cannot be seized as satisfaction of a judgment held against the husband and not the wife? In Delaware, personal property may be held by the entireties and such an estate prevents severance by the independent acts of one spouse. See *Hoyle v. Hoyle*, Del.Ch., 31 Del.Ch. 64, 66 A.2d 130 (1949); *Rigby v. Rigby*, Del.Ch., 32 Del. Ch. 381, 88 A.2d 126 (1952); and *DuPont v. DuPont*, Del.Ch., 33 Del.Ch. 571, 98 A. 2d 493 (1953) for a full discussion of tenancies by the entireties in personal property in Delaware.

Additionally, Delaware and the majority of other jurisdictions as well, hold that personal property is presumptively held by the entireties and that the intent of the parties is always the key in determining the form of possession (See, in general, 64 *A.L.R.2d* 31–76, Secs. 9–28). In *DuPont v. DuPont, supra,* at 496, then Chancellor Seitz stated: "I conclude that household goods and furnishings, even though contributed or paid for by the husband, are presumptively held jointly—by the entireties—when such property is in their joint possession and use." See also, *In Re Griffith*, Del.Ch., 33 Del.Ch. 387, 93 A.2d 920 (1953) (specifically referring to automobiles).

In *Arnett v. Hanby,* Del.Super., 262 A. 2d 659 (1970), this Court held that where a husband was barred from recovery in an automobile accident case because of contributory negligence, his wife would also be barred from recovery of damages to the automobile which the Court held was owned by the entireties. As in the case at bar, the automobile was titled to husband "and/or" wife and there was also testimony that the husband and wife considered themselves co-owners as in the instant case.

The respondents herein argue that the case of *State v. One 1968 Buick Electra*, Del.Reg. No. 43003, Del.Super., 301 A.2d 297 (1973), is controlling rather than *Arnett*. In that case, the State moved to seize an automobile used in connection with the violation of narcotics laws under 11 Del.C. § 2322 and 11 Del.C. § 2326.[1] The wife of the defendant in the criminal action argued that she was the owner of the automobile "who has not knowingly used or permitted the vehicle to be used in or in connection with [the violation]." The automobile was titled husband "and/or" wife. It was held in that case that the property was held "jointly and severally" and consequently, the husband was "the owner" under 11 Del.C. § 2326. The forfeiture was, therefore, allowed.

*One Buick Electra* does not stand for the proposition that a certificate of title

---

1. "§ 2326. Application of subchapter.
"This subchapter with respect to condemnation and forfeiture shall not apply to or against the owner of a vehicle who has not knowingly used or permitted the vehicle to be used in, or in connection with, the commission of a felony, or who has not knowingly and voluntarily used or permitted the vehicle to be used in, or in connection with, the flight or escape of any person who has committed any such felony, or in the transporting of cigarettes in violation of Chapter 53 of Title 30.

Nothing in this subchapter shall be construed as authorizing the condemnation and forfeiture of the interest of any bona fide mortgagee or lienholder with respect to the vehicle but the burden in all such cases shall be upon such mortgagee or lienholder to show that he or it did not know or have cause to know, at the time his or its interest accrued, of a contemplated unlawful use of such vehicle. (42 Del.Laws, c. 144, § 5; 11 Del.C.1953, § 2325; 55 Del.Laws, c. 277, § 6; 58 Del.Laws, c. 424, § 5.)"

for an automobile stating husband "and/or" wife is a conclusive rebuttal to the presumption that personalty is held by the entireties between the husband and wife. The determination in *One Buick Electra* is restricted to the problem in 11 Del.C. § 2326 where the statutory language and intent specifically prevents forfeiture only where the rights of "innocent" persons transcend those of the State. In the present case, as in *Arnett,* there are no State criminal interests (as to interpreting ownership of an automobile) to be weighed against the rights of the wife in the automobile of which she claims joint ownership. The issue in *One Buick Electra* is upon defining "owner" only as it is used in the statute, not in defining general economic relationships.

Furthermore, *One Buick Electra* does not specifically hold that "and/or" rebuts the presumption of entireties. That case, without dealing with the principles of *Hoyle* and *Arnett,* goes no further than to state that "A certificate of title to a motor vehicle is *generally* presumptive evidence of the ownership of the vehicle (emphasis added)", *supra,* at 297.

■ I choose not to expand *One Buick Electra* beyond applicability to its own facts, particularly considering that the great weight of authority supports the view that registration of title is not a declaration conclusive as to ownership.[2] The primary evidence to be considered remains the intent of the spouses as to form of ownership.

There is additional support for the rule that intent of the parties controls and not necessarily language of the title of ownership. The Delaware case of *Moser v. Moser,* Del.Supr., 287 A.2d 398 (1972), holds that where property is acquired by the use of joint funds, but title is taken in the name of one spouse alone, the property will remain the joint property of the two. *Saylor v. Saylor,* Kentucky Ct. of App., 389 S.W.2d 904 (1965), goes further to hold that depending on extrinsic factors of intent a bank account held in the disjunctive "or" can be considered a tenancy by the entireties.

■ The Florida courts dealt with a closely analogous fact situation in *Roger Dean Chevrolet v. Fischer,* Fla.Dist.Ct. of App., 217 So.2d 355 (1969). The husband in that case attempted to trade-in an automobile registered "husband or wife". The wife challenged the trade-in on the grounds that the automobile was personalty held by the entireties. In that case, as in the case at bar, the clear intent of the spouses as evidenced by the purchase and use of the automobiles is ownership by the entireties.

■ I conclude that the prevailing law in Delaware stands for the principle that all personal property purchased and used by the husband and wife is presumed to be held by the entireties. In addition, the assumption is not rebutted solely by language "husband and/or wife" in the certificate of title.

The Sarros' will have until July 1, 1976, to take proper action to rebut the presumption. Failing to do so, the petitioner's motion to set aside the levy of subject automobile will be granted.

SO ORDERED.

---

2. For case law supporting the principle that certificates of title are not conclusive as to ownership, compare *Burakowski v. Grustas,* 134 Conn. 205, 56 A.2d 461 (1947) ; *Wasilko v. Home Mutual Casualty Co.,* 210 Pa.Super. 322, 232 A.2d 60 (1967) ; *Keystone Insurance Co. v. Fidelity and Casualty Co. of N. Y.,* 256 Md. 423, 260 A.2d 275 (1970) ; *Unsatisfied Claim and Judgment Fund v. United States Fidelity and Guaranty Company,* 256 Md. 412, 260 A.2d 279 (1970). *Roger Dean Chevrolet v. Fischer,* Fla.Dist.Ct. of App., 217 So.2d 355 (1969).

It is also significant that the "and/or" designation in the title is generally not chosen specifically by the purchasers but is the standard designation of the Department of Motor Vehicles.