**In re Raymond D. BOOTH, Debtor.**

No. 03–44260–JWV.

United States Bankruptcy Court, W.D. Missouri.

April 7, 2004.

9. *Id.* at 299.

Charles Jason Brown, Law Office of Brian Costello, Kansas City, MO, for Debtor.

## *MEMORANDUM OPINION*

JERRY W. VENTERS, Chief Judge.

This case presents the singular issue of whether Raymond D. Booth ("Debtor") properly claimed an entireties exemption in three motor vehicles—having otherwise non-exempt equity of approximately $10,-000.00—when that property was either acquired before his marriage or was acquired during the marriage but titled in the Debtor's name alone. As a matter of Missouri law, the Court is prepared to find that Debtor's entireties exemption is improper.

In tandem with the Chapter 13 Trustee's ("Trustee") objection to the Debtor's entireties exemption in the three motor

vehicles,[1] the Trustee filed a motion to deny confirmation of the Debtor's Chapter 13 plan inasmuch as the proposed plan payments failed to include the additional $10,000.00 in allegedly non-exempt equity that creditors would receive had the Debtor filed under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 1325(a)(4). The Court held a hearing in these matters on March 31, 2004, in Kansas City, Missouri, and took the matters under advisement.

## I. BACKGROUND

On December 3, 1994, the Debtor married Wanda Fay Staude ("Wanda"). Before his marriage to Wanda, the Debtor purchased two motor vehicles that were titled solely in the Debtor's name. After his marriage, the Debtor purchased a third motor vehicle but had the vehicle's certificate of ownership issued in his name alone.

The first vehicle at issue is a 1979 MG, purchased on September 18, 1993. The Debtor testified that he purchased the MG with his separate funds, and he acknowledged that he was the sole person listed on the certificate of ownership. The Debtor further testified that Wanda uses the MG, she is an insured driver on the vehicle, she believes that the MG is marital property, and she expends funds on its upkeep.

The second vehicle at issue is a 1994 Ford Thunderbird, purchased by the Debtor on March 2, 1994. The Debtor testified that he purchased the Thunderbird with funds from a joint checking account he held with Wanda. The Debtor knew that he was going to be married when he purchased the automobile, and he always considered it marital property. Like the MG, Wanda uses the vehicle, she is an insured driver, and she believes that the Thunderbird is marital property.

Finally, on February 5, 1996—well after his marriage—the Debtor purchased a 1994 3–Wheeler using finds from a joint checking account he shared with Wanda. The Debtor is the sole person listed on the certificate of ownership, although the vehicle was purchased after the marriage. Nevertheless, Wanda—who is not licensed to operate the 3–Wheeler—believes that it is martial property.[2]

The Debtor explained that none of the abovementioned vehicles was titled to him and Wanda as tenants by the entireties after their marriage because they simply did not think of it. He said that he had a new will prepared after his marriage, leaving everything to Wanda, and he did not believe anything more needed to be done. The Debtor also testified that he and Wanda had no joint debts that are eligible to be paid from entireties property.

## II. DISCUSSION

■■■ The Trustee contends that the 1979 MG, 1994 Thunderbird, and the 3–Wheeler have approximately $10,000.00 in non-exempt equity that must be used as a

1. The Trustee's written objection stated:
   Debtor attempts to use the Federal exemption statute which Missouri has opted out of for real estate, household goods, hobby equipment, and automobiles.
   Debtor attempts to claim the value of the real estate exempt at 100%.
   (Document No. 28.)
   The Trustee's written objection is obfuscatory, at best, on whether it provides a basis for objecting to the claim of an entireties exemption under Missouri law. Nevertheless, both parties agreed at the hearing that the propriety of the State law exemption was before the Court, and the issue was tried with the express consent of both parties. Also at the hearing, the Trustee represented that the objection only concerned the three automobiles referenced here.

2. Curiously, the Debtor was permitted to testify without objection as to Wanda's beliefs and intentions respecting the vehicles. Wanda did not testify.

measure for calculating the amount of the Debtor's Chapter 13 payments under 11 U.S.C. § 1325(a)(4).[3] The Debtor contends that he properly claimed the three vehicles as exempt entireties property under Missouri law and because he and Wanda do not have any joint creditors that could lawfully seize any of those vehicles for the satisfaction of debt, he is not required to pay the additional $10,000.00 to his creditors over the life of his Chapter 13 plan. The Trustee bears the burden of proof that the Debtor's exemptions are not warranted by law. Fed. R. Bankr.P. 4003(c).[4]

■■■ "Tenancy by the entirety is a form of ownership in property created by marriage in which each spouse owns the entire property rather than a share or divisible part, and thus at the death of one spouse, the surviving spouse continues to hold title to the property." *Rinehart v. Anderson*, 985 S.W.2d 363, 367 (Mo.Ct. App.1998). The result of titling property as a tenancy by the entirety is that creditors find it difficult, if not impossible, to reach one spouse's interest in the property when the other spouse did not consent to the creation of the underlying debt. *In re*

*Brown*, 234 B.R. 907, 912 (Bankr.W.D.Mo. 1999). In other words, a creditor may only seek satisfaction from entireties property if the spouses have acted jointly to burden the property, and in the absence of joint action, the property is exempt from attachment and execution. *Otto F. Stifel's Union Brewing Co. v. Saxy*, 273 Mo. 159, 201 S.W. 67, 71 (1918); *Garner v. Strauss (In re Garner)*, 952 F.2d 232, 235 (8th Cir.1991); *In re Smith*, 200 B.R. 213, 216 (Bankr.E.D.Mo.1996). In bankruptcy, the effect of holding a joint obligation is important inasmuch as the creditor has the right to be paid from the proceeds of entireties property; the pool of available funds for individual creditors is much smaller. *See In re Oberlies*, 94 B.R. 916, 920–23 (Bankr. E.D.Mich.1988) (stating that a trustee may administer entireties assets only for the benefit of joint creditors and recognizing the judicially created administration of separate estates within the context of an overall bankruptcy for the benefit of individual creditors and for joint creditors, which is necessary to give effect to substantive state law). Once the spouses obtain a divorce, the tenancy by the entirety is destroyed, and the form of ownership is converted into a tenancy in common. *Ro-*

---

**3.** That section provides:

> [T]he court shall confirm a plan if-
>
> .    .    .    .    .
>
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date....

11 U.S.C. § 1325(a)(4).

The Trustee also objected to the Debtor's Chapter 13 plan under § 1325(b), but no evidence was introduced on that issue. Because the Trustee bears the burden of proof on an objection to confirmation, the Trustee's § 1325(b) objection will be denied. *Education Assistance Corp. v. Zellner*, 827 F.2d

1222, 1226 (8th Cir.1987) (stating that once a Chapter 13 plan meets the requirements of section 1325(a), the plan may be confirmed unless an objection is filed under § 1325(b), in which case objecting the party has the "initial burden of producing satisfactory evidence to support the contention that the debtor is not applying all of his disposable income" to the plan) (quoting *In re Fries*, 68 B.R. 676, 685 (Bankr.E.D.Pa.1986)).

**4.** At the hearing, the Debtor correctly argued that the Trustee had the burden to show that his entireties exemptions were improper. In fact, the Trustee met this burden in the preliminary stages of the hearing when the Trustee submitted evidence to the Court that the three motor vehicles at issue were either acquired before marriage or were titled in the Debtor's name alone.

*nollo v. Jacobs*, 775 S.W.2d 121, 123 (Mo. 1989).

The well-settled law is that creation of an entireties ownership right in property requires four unities: interest, time, title, and possession. *Id.; Linders v. Linders*, 356 Mo. 852, 204 S.W.2d 229, 232 (1947). A conveyance of property to a husband and wife creates a rebuttable presumption that the husband and wife hold the property as tenants by the entirety. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 19 (Mo.1980). *See also Lomax v. Cramer*, 202 Mo.App. 365, 216 S.W. 575, 575 (1919) ("It is also well established that there can be an estate by the entirety in personal as well as in real property."). When a person obtains title prior to a marriage, and then takes that same property into a marriage, the solely owned property does not automatically transmogrify into marital property—much less into a tenancy by the entirety. *See* Mo.Rev.Stat. § 452.330.2 ("For purposes of [dissolution of marriage proceedings] only, 'marital property' means all property acquired by either spouse subsequent to the marriage"). "Under the source of funds rule, the character of the property is determined by the source of funds financing the purchase;" thus, property is deemed "acquired as it is paid for so that a portion of the property's ultimate value will be marital property," regardless of when title passed under the law of sales. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 824, 825 n. 4 (Mo.1984) (rejecting a wholesale separate-to-marital "transmutation" theory).

### A. 1979 MG and 1994 Thunderbird

Even assuming that the Debtor's 1979 MG and 1994 Thunderbird—which were acquired before marriage—are marital property, and further applying the presumption that all property held by a husband and a wife in marriage is entireties property, that presumption is rebutted simply because there is no unity of interest, time, title, or possession when the property was separately acquired under the law of sales. *See* Mo.Rev.Stat. § 400.2–401(3)(a) (providing that "if the seller is to deliver a document of title, title passes at the time when and the place where he or she delivers such documents"); § 301.210.4 (providing that it is unlawful for any person to buy or sell a motor vehicle unless, at the time of delivery, the certificate of ownership is passed, "and the sale of any motor vehicle ... without the assignment of such certificate of ownership, shall be fraudulent and void.").

Quite simply, even if the 1979 MG and 1994 Thunderbird are marital property, Wanda's interest is less than the Debtor's under the dissolution of marriage laws because under the source of funds rule Wanda's interest extends to less than the whole of the property. The Debtor's interest in the two vehicles was acquired at a different time than Wanda's interest (who is presumably still "acquiring" the motor vehicles under the laws governing dissolution), and under the law of sales, as well as the certificate of ownership laws, the vehicle is titled in the Debtor's name alone. Thus, there was no unity of interest in the 1979 MG and the 1994 Thunderbird, and there can be no tenancy by the entireties under these circumstances.

Indeed, contrary to the Debtor's assertions in this case, common sense dictates that there must be a "divorce" between the laws governing what is marital property from the laws governing the forms of property ownership and the passing of title under the law of sales. Each area of the law is concerned with different—and often incompatible—policy goals. For example, the determination of what is marital property in dissolution proceedings is

focused on an equitable division of property between former husbands and wives. Mo.Rev.Stat. § 452.330.1 (listing factors bearing on the equitable division of marital property). The laws governing the classification of ownership of property as either common, joint, or entireties is largely concerned with the rights and duties of co–owners *vis-a vis* themselves and third parties. William B. Stoebuck and Dale A. Whitman, *The Law of Property*, v (West 2000). The law of sales is largely concerned with the formation of contracts, performance, passage of title, and remedies. Mo.Rev.Stat. § 400.2–101 *et seq.* Blurring these distinctions in this case is impermissible. *See e.g., In re Thorpe,* 251 B.R. 723, 725 (Bankr.W.D.Mo. 2000) (stating that classifying property as marital "is not sufficient to create an interest cognizable in bankruptcy for the purposes of determining the validity of a claimed exemption."). For instance, if the Court were to adopt the Debtor's argument that his separate property transmogrified into entireties property solely through the combination of marriage and a spouse's contribution to financing the purchase price, then the secured creditor would be deprived—without notice—of any right to repossession of the property because the creditor would be trying to satisfy a separate obligation from entireties property.

For these reasons, the Court finds that the Debtor's 1979 MG and 1994 Thunderbird are not held as entireties property under Missouri law. The vehicles were acquired prior to the Debtor's marriage, the vehicles are titled in the Debtor's name alone, and the Debtor and Wanda have different interests in the vehicles.

## B. 1994 3–Wheeler

█ Unlike the 1979 MG and 1994 Thunderbird, the Debtor purchased the 1994 3–Wheeler in 1996—well after his marriage to Wanda. While a conveyance of property to a husband and wife creates a rebuttable presumption that the property is held as tenants by the entirety, *Nelson,* 601 S.W.2d at 19, in the case of the 1994 3–Wheeler there was no conveyance to both the Debtor and Wanda to create that presumption.

The Court generally acknowledges that items like registration of title are not declarations conclusive of ownership. *See William M. Young Co. v. Tri–Mar Associates, Inc.,* 362 A.2d 214, 216 (Del.Super.Ct.1976) (stating that the primary evidence concerning ownership is not the registration of title, but the intent of the spouses as to the form of ownership). Under the laws of Missouri governing the sales of motor vehicles, however, no person may purchase a motor vehicle without the assignment of the certificate of ownership, and any sale without an assignment of the title is "fraudulent and void." Mo. Rev.Stat. § 301.210.4. *See also* § 301.675 ("When the director of revenue issues a certificate of ownership for a motor vehicle ... in the names of two or more persons, it shall be presumed that ownership of the motor vehicle ... is held by the persons shown on the certificate as ... tenants by the entirety if the owners are husband and wife").

In this case, Wanda is plainly absent from the certificate of ownership; thus, any sale of the 1994 3–Wheeler to Wanda failing to reflect an assignment to her would be fraudulent and void pursuant to the statute.[5] Accordingly, there is no unity of time, title, possession or interest

---

**5.** As explained, *supra,* this conclusion has nothing to do with whether the 1994 3–Wheeler is part of the amorphous pot of marital property available for division between the Debtor and Wanda in the event they should ever seek a dissolution of their marriage.

necessary to establish a tenancy by the entirety. The Debtor's claim of an entireties exemption in the 1994 3–Wheeler is improper.

## III. CONCLUSION

In sum, the Trustee's evidence demonstrated that the Debtor's claim of an entireties exemption in the 1979 MG and 1994 Thunderbird were improper because the unities essential for the creation of a tenancy by the entirety—interest, time, title, and possession—did not co-exist when the Debtor acquired ownership; indeed, ownership was acquired even before the Debtor's marriage to Wanda. The Court will not torture rules governing the creation of marital property available for division between spouses at dissolution to conceive a right that trumps other comprehensive areas of the law. Similarly, the Debtor's claim of an entireties exemption in the 1994 3–Wheeler, which was acquired during the marriage, is also improper because Wanda's name was never included on the certificate of ownership.

Accordingly, the Trustee's objection to the Debtor's claim of exemptions will be sustained. The Court will also sustain the Trustee's objection to confirmation of the Debtor's Chapter 13 plan under 11 U.S.C. § 1325(a)(4) because the approximately $10,000.00 in non-exempt equity in the three motor vehicles would be payable to unsecured creditors of the Debtor's estate in a case filed under Chapter 7. The Court will allow the Debtor twenty days from entry of this order to propose a new Chapter 13 plan that provides for increased plan payments that meet or exceed the amount those creditors would expect to receive in Chapter 7.

This opinion constitutes the Court's findings of fact and conclusions of law. A

separate order shall be entered pursuant to Fed. R. Bankr.P. 9021.